In the Matter of the Appraisal of the Property of CHARLES H. EDWARDS, Deceased, Under the Act Entitled "An Act to Tax Gifts, Legacies and Collateral Inheritances in Certain Cases."

JAMES A. RIDDEN, Appellant; HENRY H. ADAMS, County Treasurer of Kings County, Respondent.

*Gift inter vivos — taxable under chapter 713 of 1887.*

Section 1 of chapter 713 of the Laws of 1887 evinces the intention of the Legislature to subject to a tax all property which should be transferred by a gift to take effect after the death of the grantor or bargainor.

Where the title to personal property, the subject of a gift, passed to the donee upon its delivery to him by the donor, subject, however, to revocation at all times during the lifetime of the donor, it is a gift which took effect in enjoyment after the death of the donor, and not until then, and is within the spirit of such statute, and, if such statute was in effect at the time of the death of the donor, the gift is subject to tax thereunder.

APPEAL by James A. Ridden from an order of the Surrogate's Court of the county of Kings, granted on the 17th day of December, 1894, and entered in the Kings County Surrogate's Court, confirming the report of the appraiser and the assessment of the tax made on property received by the said James A. Ridden by virtue of a gift from Charles H. Edwards, deceased.

*John H. Corwin,* for the appellant.

*Emmet R. Olcott,* for the county treasurer, respondent.

DYKMAN, J.:

This is an appeal from an order of the surrogate of Kings county confirming a tax under the Transfer Tax Law.

The facts are these: On the 16th day of October, 1888, Charles H. Edwards made a gift *causa mortis* to James A. Ridden of a tin box and its contents.

The box contained sixteen savings bank books, seven of which represented accounts standing to the credit of Charles H. Edwards, and nine of which represented accounts standing to the credit of Thomas Edwards. Thomas Edwards was the father of Charles H. Edwards, and he died before Charles, who was his only relative and heir at law.

The appraiser appointed by the surrogate valued the property at $26,227.48, and that valuation was confirmed, and a tax was imposed upon that sum under the transfer statute of this State.

The donee of the gift has appealed from the order and insists that there can be no tax upon the amounts represented by the bank books which stood in the name of Thomas Edwards, because Charles H. Edwards was not the owner of such accounts.

The facts developed fail to justify that contention. The bank books were in the possession of Charles H. Edwards, and Ridden, the donee, received them from him. All the title he ever had to any of the bank books was derived from his donor, and that title was affirmed by the Court of Appeals. (*Ridden* v. *Thrall*, 125 N. Y. 572.)

It is to be collected from the affidavit of Ridden, printed in the appeal book, that when he made a claim against the banks for the money standing to the credit of Thomas Edwards upon the nine bank books which contained his name, he was confronted by a claim of the representatives of the estate of Thomas Edwards, which he compromised by paying them the sum of $5,000. Thereupon he received the money from the banks, and he received it as owner. He did not acknowledge the claim of the representatives of Thomas Edwards to the ownership of the money; he merely acknowledged them as adverse claimants, and made a compromise with them. In other words, he bought them off by paying them about one-fifth of their claim. He took no assignment from them, but as between him and the banks he evidently based his claim to the money upon the donation of Charles H. Edwards.

The legal effect of his compromise with the representatives of the estate of Thomas Edwards was to quiet their claim and perfect his title to the property which he received from his donor.

The appellant also contends that property passing by virtue of a gift *causa mortis* was not subject to taxation under the statute which was in force in 1888, when the gift in question was made. That statute was as follows: " After the passage of this act all property which shall pass by will, or by the intestate laws of this State from any person who may die seized or possessed of the same while a resident of this State, * * * or any interest therein or income therefrom, which shall be transferred by deed, grant, sale or

gift made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor,   *   *   *   shall be and is subject to a tax." (Chap. 713, Laws of 1887, § 1.)

This statute evinces the intention of the Legislature to subject to a tax all property which should be transferred by a gift to take effect after the death of the grantor or bargainor.

The title to the property passed to the appellant upon its delivery to him by the donor, but the gift was subject to revocation at all times during the lifetime of the giver, and in that sense it took effect in enjoyment after the death of his grantor. He could not have maintained an action for the recovery of the money represented by the bank books during the lifetime of Charles H. Edwards, and, therefore, he could not enter upon the full enjoyment of the gift until after his death.

The gift, therefore, seems to fall within the spirit and intention of the statute, and the tax was, therefore, properly imposed.

The order should be affirmed, with costs.

BROWN, P. J., and CULLEN, J., concurred.

Order affirmed, with costs.