long to the estate, those who maintain personal claims against the estate in their charge, surviving partners who are also executors, trustees who hold for the lives of their wives or children against remaindermen who are strangers to their affection, would all be under the same conjectural reproach which is sought to be fastened upon the executors at bar.

There is no such legal and sufficient objection as the statute contemplates, and the motion should be denied.

Decreed accordingly.

---

(60 Misc. Rep. 25.)

## In re PIERCE'S ESTATE.

(Surrogate's Court, Cattaraugus County. June, 1908.)

TAXATION—TRANSFER TAX—PROPERTY SUBJECT.

A father deposited his own money in a savings bank in his own name as trustee for his son, and afterwards made declarations that the money belonged to his son, stating such fact to the son, but adding that he desired it kept in the bank where it was deposited, so that he could give it his personal supervision. The son had possession of the pass book and had the accrued interest credited upon it, but the possession of the money did not accrue to him until his father's death. *Held*, that the gift did not take effect until the death of the donor, so that the amount was taxable under the transfer tax act.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1702.]

In the matter of the estate of William P. Pierce, deceased. Proceedings for assessment of a transfer tax.

Allen J. Hastings, for administrators and next of kin.
George M. Lundy, for State Comptroller.

DAVIE, S. William P. Pierce died on the 14th day of April, 1908. At the time of his death he was a resident of the city of Olean, Cattaraugus county, N. Y. He died intestate, and left him surviving his wife, Sarah P. Pierce, and three children, Mabelle Ashley, Byron A. Pierce, and Ernest W. Pierce. Proceedings were instituted before the surrogate to. appraise the value of the estate for the purposes of taxation under the taxable transfer act, and evidence was taken. No formal inventory by appraisers appointed by the surrogate was made.

It appears that the decedent died possessed of real and personal estate exceeding in value $10,000. His personal estate consisted of stocks, notes, and bank deposits in various forms. No question arises in this proceeding as to the value of the securities, nor as to the extent of decedent's estate. The decedent had 15 deposits in his own name as trustee for various members of his family. These deposits were all in savings banks in the state of Massachusetts. The question is raised whether these deposits in the name of the decedent in trust for another person were part of decedent's estate at the time of his death, and as such taxable under said act. The same rule. applies to each of. these deposits, and the evidence shows that the facts are substantially the same in regard to each. We will, therefore, consider one deposit as an example of all. On December 30, 1885, decedent

opened an account with the Woburn Savings Bank, and book No. 1,-486 was issued to him; such pass book being headed, "Woburn Savings Bank in account with William P. Pierce as Trustee for Ernest W. Pierce." Dividends were added from time to time up to October 27, 1905, at which time the total deposit was $1,481.11; and that was the state of the account at the time of the death of the decedent.

The rule in regard to such deposits has been clearly laid down in Matter of Totten, 179 N. Y. 125, 71 N. E. 748, 70 L. R. A. 711, where, after considering many cases theretofore passed upon by that court, Vann, J., says:

"It is necessary for us to settle the conflict by laying down such a rule as will best promote the interests of all the people in the state. After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

The evidence in this case shows that acts were done and declaration made on the part of the depositor affirming the trust and giving notice thereof to each of the beneficiaries. The depositor allowed one of his sons to have possession of the pass books for a sufficient time to go from Olean to Boston and have the accrued interest credited upon the pass books. He said to his wife that the funds were hers from the time the trust was created. He said to his daughter that the funds were hers. He said to one of his sons that the funds were his, and had been since he was 21 years old; that he desired to keep them in the institutions where the funds were then deposited, so that he could give them his personal supervision. The depositor died before the beneficiary in each case, and the facts warrant the presumption that an absolute trust was created as to each of said trust accounts.

But it is important to note that the rule established in the case referred to is confined to the question of the title of the funds deposited. The question here is as to the liability of such funds to tax under the taxable transfer act. That act reads as follows:

"A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein * * * when the transfer is of property made * * * by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death."

The evidence shows that none of the beneficiaries ever received any part of the moneys so deposited until after the death of the depositor, and that he did not grant the request of his daughter to transfer the funds deposited in trust for her to her account in a savings institution in Rochester. The possession and enjoyment of the funds did not accrue to the beneficiaries until the death of the depositor. An absolute

trust was created, but the death of the depositor was the culminating event in the creation of those trusts. The beneficiaries could not have maintained any action for the possession of these funds during the lifetime of the depositor. The gift, therefore, seems to fall within the spirit and intention of the statute. Matter of Edwards' Estate, 85 Hun, 436, 32 N. Y. Supp. 901.

A tax should be assessed on the transfer of the funds deposited by William P. Pierce in trust for other persons.

Decreed accordingly.