In the Matter of the Transfer Tax upon the Estate of FRANK F. HODGES, Deceased.

THE COMPTROLLER OF THE STATE OF NEW YORK, Appellant; EMMA F. HODGES, Respondent.

Transfer tax — gift made in contemplation of death taxable when made — when gift inter vivos and legacy may not be added together and treated as one transfer.

1. A gift made in contemplation of death is a transfer taxable when made under section 221a of the Tax Law (L. 1911, ch. 732), and is, therefore, entitled to the exemption prescribed by that section.

2. Where transfers are distinct in character, one being a gift *inter vivos*, taxable when made, and the other a legacy taxable only upon the death of the testator, there appears to be no warrant in law for adding them together and considering them as one transfer. (*Matter of Dana Co.*, 215 N. Y. 461, distinguished.)

*Matter of Hodges*, 168 App. Div. ——, affirmed.

(Argued May 26, 1915; decided July 13, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 23, 1915, which affirmed an order of the New York County Surrogate's Court assessing a transfer tax upon the estate of Frank F. Hodges, deceased.

The facts, so far as material, are stated in the opinion.

*Schuyler C. Carlton, Alexander Otis* and *Lafayette B. Gleason* for appellant. The construction of the Transfer Tax Statute, section 221a, by the courts below violates the plain intent of the law. (*Matter of Hodges*, 86 Misc. Rep. 367; *Matter of Thompson*, 87 Misc. Rep. 539; *Matter of Harbeck*, 161 N. Y. 211; *People ex rel. M. G. Co. v. Rice*, 138 N. Y. 151; *Folmsbee v. Amsterdam*, 142 N. Y. 118.) The various forms of taxable transfer described in section 220 all accrue at death and no method is provided for the collection of transfer taxes except upon the death of the donor or testator. (*Matter of Keeney*, 194 N. Y. 281; *Matter of Green*, 153 N. Y. 223; *Matter of Davis*, 149 N. Y. 539; *Matter of Seaman*, 147 N. Y. 69; *Matter of Baker*, 83 App. Div. 530; 178 N. Y. 575; *Matter of Egerton*, 35 App. Div. 125; 158 N. Y. 671; *Rosenthal v. People*, 211 Ill. 306; *Matter of Inheritance Tax*, 7 Ohio N. P. 547.)

*Arthur S. Luria* for respondent. The tax was correctly assessed. (L. 1909, ch. 62, §§ 220, 221a, 222, 243; *Matter of Agnew*, N. Y. L. J., Dec. 13, 1913; *Matter of Swift*, 137 N. Y. 77; *Matter of Webber*, 151 App. Div. 540.)

WILLARD BARTLETT, Ch. J. The decedent, Frank F. Hodges, who died on January 31, 1913, left a will whereby he bequeathed to his widow property appraised at $181,068. About three weeks before his death he told his wife that he was not satisfied with the provision which he had made in his will for her benefit and that he desired to make her a present of some of his securities. In accordance with this express wish he gave her a number of shares of stock and certain bonds, the appraised value of which was $90,797.90. The bonds were given to the wife only thirteen days before Mr. Hodges died. The learned surrogate held that the circumstances surrounding the transaction led irresistibly to the conclusion that the gift was made in contemplation of death; and the question before him was whether the value of this gift should be added to the value of the legacy to the widow for the purpose of determining the rate of taxation at which it should be assessed. Such a question has only been important since the enactment of chapter 706 of the Laws of 1910, prior to which the rate of taxation did not depend upon the value of the property transferred. If the value of the gift in contemplation of death was not to be added to the value of the legacy for purposes of taxation but was to be taxed separately, the surrogate was also called upon to decide whether the statutory exemption was to be deducted from the value of the transfer by gift as well as from the value of the legacy. His conclusion was that the gift made in contemplation of death was a transfer taxable under section 221a of the Tax Law (Laws of 1911, chap. 732), and was, therefore, entitled to the exemption prescribed by that section. We quote from his opinion: "The stocks and bonds which the decedent gave to his wife a few weeks before his death and which constituted a gift in contemplation of death, became her property as soon as they were delivered to her. The transfer was then complete and it was a transfer in contemplation of death within the meaning of subdivision 4 of section 220

29

of the Tax Law and subject to the payment of a transfer tax. Under section 222 such tax became due and payable immediately upon the completion of the transfer."

We approve the reasoning and conclusion of the learned surrogate. The facts of the case are quite different from those presented in *Matter of Wm. B. Dana Co.*, decided herewith. There the transfer to the trustee was testamentary in character and could not become operative in favor of the beneficiary until the death of the donor. It did not become taxable until his death because it was not certain until then that the beneficiaries named in the trust instrument would ever take anything thereunder. (See *Matter of Davis*, 149 N. Y. 539.) Here, however, under the express provisions of the Tax Law (§ 222) the gift of bonds and securities to the wife was taxable as soon as it was made. As such gifts seldom become known to the taxing authorities until after the death of the person making them there is usually no effort to tax them earlier; but this fact does not affect their liability to earlier taxation if ascertained. Where the transfers are thus distinct in character, one being a gift *inter vivos* taxable when made, and the other a legacy taxable only upon the death of the testator, there appears to be no warrant in law for adding them together and considering them as one transfer. The distinction between this case and *Matter of Wm. B. Dana Co.* is obvious and requires an affirmance of the order under review.

The order should be affirmed, with costs.

HISCOCK, COLLIN, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ., concur.

Order affirmed.