In the Matter of the Appraisal for Taxation of the Estate of JOHN W. VAN COTT, Deceased.

FRANK J. VAN COTT and MARGELIA L. VAN COTT, as Executors, etc., of JOHN W. VAN COTT, Deceased, Appellants; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Third Department, December 28, 1917.

**Tax — when transfer both by agreement and by will taxable as a whole — exemptions to widow and son.**

Where a father for a valuable consideration leased to his son his undivided interest in a partnership business and property, and conveyed to him without consideration all his interest in said property, to take effect at his death, unless there should be a dissolution by mutual consent, in which case the father was to be paid his interest in the firm, and the son was to pay his mother a certain sum during her life, and at the same time the father executed his will disposing of the remainder of his property, said agreement was testamentary in character and the entire transfer including that under the will should be treated as a whole and is taxable under section 220 of the Tax Law. Only one exemption of $5,000 to each the widow and son should be allowed.

The test, as to whether transfers made by different methods or instruments should be taxed separately or combined, is the time when the tax accrues, that is, when the transfers take effect.

APPEAL by Frank J. Van Cott and another, as executors, from an order of the Surrogate's Court of the county of Otsego, entered in the office of said Surrogate's Court on the 21st day of May, 1917 affirming a prior order fixing the transfer tax herein.

*Jerome S. Seacord,* for the appellants.

*Charles H. Merriam,* for the respondent.

LYON, J.:

This appeal is from an order of the Surrogate's Court of Otsego county dismissing an appeal from an order of said court fixing and assessing the tax to be paid by the estate of the deceased under section 220 of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62, as amd.), relating to transfer taxes, and confirming the taxing order.

On the 30th day of November, 1912, the deceased and his son, Frank J. Van Cott, who were carrying on a copartnership business at Unadilla, N. Y., entered into an agreement by which the father, who had not taken an active interest in the business for some years, leased to the son his undivided interest in the firm business and property with the right of the son to receive and have all the earnings and profits of such interest until the firm should be dissolved, it being agreed that the copartnership should be continued until terminated by the death of either party thereto, or until dissolved by the mutual consent of the parties. By the agreement, executed under the hands and seals of the parties and acknowledged, the son agreed to assume active control and management of the business during the continuance of the lease, and promised and agreed to pay the father during each year thereof interest at the rate of five per cent per annum on $22,212.90. In case the partnership should be dissolved by the death of the son or by mutual consent the father was to be paid said principal sum. The agreement also provided: "And the said first party * * * does hereby grant, convey, transfer and assign to said second party, his heirs, representatives and assigns all the right, title, share and interest said first party may own at the time of his death, or at the time of the dissolution of said co-partnership in and to said firm business, property or assets." Upon the dissolution of the partnership by the death of the father the son was to pay to his mother interest at the rate of five per cent per annum upon $11,156.45 during the term of her life. In case of the dissolution of the partnership by the death of the father the mother might elect to have paid to her annually $1,000, which should be deducted from the principal, and thereafter interest be paid upon the balance only, the aggregate of the payments of principal not to exceed $11,156.45. Upon the day of the execution of this agreement the father executed his will also bequeathing " all the rest, residue and remainder of my property and that to which I may be entitled at the time of my death " in trust for the use of the mother, with the exception of $3,000, which was given to members of the family other than the son. Upon the death of the mother the trust estate was to pass to the son. The wife and son were appointed executors. The father died

in March, 1916. His will was duly admitted to probate by the surrogate of Otsego county and letters testamentary issued. Upon appraisal of the estate to determine the amount of the transfer tax the county treasurer as appraiser held that the property transferred by said agreement, as well as that transferred by the will, was taxable, and the surrogate accordingly entered a formal order confirming the assessment and assessed upon the estate a tax of $141.65, having allowed a deduction of $5,000 from the value of the property passing to the widow, and a deduction of $5,000 from the value of the property passing to the son. The surrogate in effect held that the agreement and will should be combined as transferring the property of the decedent. An appeal was then taken from this order to the Surrogate's Court which affirmed the taxing order. From such order of confirmation this appeal has been taken.

The contention of the appellants upon this appeal is that the interest of the deceased in the partnership was not taxable for the reason that the agreement being for a valuable consideration and not necessarily taking effect at the time of death, was not a transfer in contemplation of death within the meaning of the Transfer Tax Law, and hence not taxable, and that even if the property transferred by the agreement were taxable, the widow and son were each entitled to a deduction of $5,000 from the value of the property transferred by the agreement, and also to an additional deduction of $5,000 each from the value of the property transferred by the will.

Section 220 of the Tax Law imposed a tax upon transfers not only by will but "by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death." Under the agreement the father retained the ownership of the property and a stipulated return therefrom during his life, and in case of the dissolution of the partnership by mutual consent or by the death of the son he was to receive in cash the full value of his interest of $22,212.90. The agreement also provided that the transfer by the father was of "all the right, title, share and interest said first party may own at the time of his death, or at the time of the dissolution of said co-partnership in and to said firm business, property or assets." This was

not a present transfer of all his interest, but was to take effect in the future upon the death of the father or the dissolution of the partnership. Upon the father's death the son became entitled to the property absolutely without the payment of its value, although obligated to make certain payments to his mother during her lifetime. It was plainly the intention of the agreement that neither the son nor the mother should have any rights in the ownership of the property until after the father's death when the grant was intended to take effect in enjoyment. "Since they could not receive any part of the principal or the income till after her death, their right of enjoyment was postponed till the happening of that event. Whatever interest they may have had before, the right to the possession and enjoyment depended upon the death of the donor." (*Matter of Green,* 153 N. Y. 223, 227.)

While there was a valuable consideration for the lease, the transfer of the corpus upon the death of the father was without consideration. The agreement was testamentary in character. The will, executed the same day, supplemented the agreement. It disposed of all his other property. As was said in *Matter of Dana Co.* (215 N. Y. 461, 465): "In the present case, however, the trust instrument took effect precisely as would a will bequeathing the stock which it conveyed; and the fact that the testator thus withdrew a portion of his property from the operation of his will does not prevent that portion from being a part of a transfer to the same parties, taking effect upon his death, to be combined with their legacies under the will." To this effect are also *Matter of Bostwick* (160 N. Y. 489) and *Matter of Cornell* (170 id. 423). The time when the tax accrues, that is, when the transfers take effect, would seem to be the test whether transfers made by different methods or instruments should be taxed separately, or combined. (*Matter of Hodges,* 215 N. Y. 447.) Under this rule I think the entire transfer should be treated as a whole and only one exemption of $5,000 to each the widow and son allowed.

The order appealed from should be affirmed, with costs.

Order appealed from unanimously affirmed, with ten dollars costs and disbursements.