Matter of the Estate of GERTRUDE JANE EGERTON,
Deceased.

(Surrogate's Court, New York County, May, 1918.)

Transfer tax — joint ownership of personal property — real property —
Tax Law, § 220(4).

Where decedent at her death had possession of a certificate
of the New York Investors' Corporation for $1,000, which was
made payable to her and another and the survivor of them,
one-half of the amount only is subject to a transfer tax as
part of her estate.

A transfer of real estate made in 1913 subject to and reserv-
ing to the grantor a life estate in the property is subject to a
transfer tax under section 220(4) of the Tax Law as a part
of the estate of the deceased grantor.

APPEAL from an order fixing and assessing a trans-
fer tax.

Robert W. Cromley, for Mary G. Hodges and
Eleanor Hodges, individually and as executors.

Lafayette B. Gleason (Schuyler C. Carlton, of
counsel), for state comptroller.

FOWLER, S. The transfer tax appraiser designated
by this court to appraise the estate of the decedent
reported that a certificate of the New York Investors'
Corporation for $1,000 constituted part of the assets
of her estate and was subject to a transfer tax. He
also reported that certain real estate known as No.
48 Fulton street, in the borough of Manhattan, city of
New York, should be taxed as part of her estate.
From the order entered on his report the executors
have taken this appeal.

It appears from the affidavit submitted to the

appraiser that the decedent had in her possession at the time of her death a certificate of the New York Investors' Corporation for $1,000, which was payable to the decedent and " Eleanor Hodges and the survivor of them." The executors contend that only one-half of this amount is subject to a transfer tax.

It seems to me that the determination of this question is controlled by the decision of the Court of Appeals in *Matter of McKelway,* 221 N. Y. 15. In that case the husband and wife owned certain securities jointly, and it was held that only one-half of the value of the joint property was taxable. The fact that the joint account was in the name of a husband and wife does not distinguish the *McKelway* case from the matter under consideration, as in both cases the account was a joint one, and there is no difference between a joint account in the name of a husband and wife and a joint account in the name of other persons not so related.

On May 13, 1913, the decedent executed a conveyance of the premises 48 Fulton street to Mary C. Hodges and Eleanor Hodges. The consideration recited in the deed was $100. The conveyance was made " subject nevertheless to and reserving to the party of the first part a life estate in the aforesaid lands and tenements for and during her natural life." The appraiser found that the conveyance constituted " a transfer taking effect in possession and enjoyment at death." He appraised the property at $15,000, and included the entire amount in the taxable assets of decedent's estate.

Subdivision 4 of section 220 of the Tax Law provides that property is subject to a transfer tax " When the transfer is of intangible property, or of tangible property within the state, made by a resident * * * by deed, grant, bargain, sale or gift made in contempla-

tion of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death.'' While the gift or grant of the real estate situated at No. 48 Fulton street was completed upon the delivery of the deed, the grantees were not entitled to the possession of the property until the death of the grantor. This was evidently the kind of transfer which the legislature had in mind when they provided for the imposition of a tax upon the transfer of property which did not pass into possession of the grantees or donees until the death of the grantor or donor. The statute does not impose a tax upon a gift *inter vivos* unless the actual possession of the gift or the absolute dominion over it be postponed until the death of the donor. But as the court said in *Matter of Green,* 153 N. Y. 223: '' It matters not whether the transfer is by grant or by gift so long as it was intended to take effect, in possession or enjoyment, at or after the death of the grantor or donor, the devolution of title is subject to the tax.''

While in the matter under consideration the title to the property passed when the deed was executed and delivered to the grantees, the right of the grantees to the possession of the property was deferred or postponed until the death of the grantor. It is this postponement of the right to possession until the death of the grantor which brings the transfer of the property within the language of subdivision 4 of section 220 of the Tax Law. In *Matter of Orvis,* 223 N. Y. 1, the court said: '' It was intended to tax all transfers which are accomplished by will, the intestate laws of this state, and those made or incepted prior to the death of the transferor in contemplation of or intended to take effect in possession or enjoyment after his death which are in their nature and character instruments or sources of bounty or benefaction and

Appellate Term, First Department, May, 1918.   [Vol. 103.

which can be classed as similar in nature and effect with transfers by wills, or the intestate laws, because they accomplish a transfer of property, donative in effect, under circumstances which impress on it the characteristics of a disposition made at the time of the transferor's death." In *Matter of Van Cott,* 180 App. Div. 815, it was held that certain personal prop· erty which was transferred by an instrument executed by the decedent in his lifetime, and which was not intended to vest in possession of the transferee until the death of the decedent, was subject to a transfer tax.

From the reasoning of these decisions I am inclined to think the conveyance of the real estate executed by the decedent on May 13, 1913, constituted a transfer intended to take effect in possession and enjoyment at the death of the grantor and is subject to a transfer tax under subdivision 4 of section 220 of the Tax Law.

The order fixing tax will be reversed and the appraiser's report remitted to him for the purpose of excluding from the estate one-half of the certificate of the New York Investors' Corporation for $1,000.

Order reversed.