## MAY et al. v. HEINER, Collector of Internal Revenue.

District Court, W. D. Pennsylvania. January 12, 1928.

### No. 3097.

1. Internal revenue ☞8(11)—To escape federal estate tax, donee must have possession, use, and disposal of property without reference to time of donor's death (Revenue Act 1918, § 402 (c); Comp. St. § 6336¾c (c).

Donee of property from deceased, in order to escape liability for federal estate tax under Revenue Act 1918, § 402 (c), Comp. St. § 6336¾c (c), must be in actual possession and enjoyment of the property before donor's death, and must have use and disposal thereof, without reference to and independently of death of donor.

2. Internal revenue ☞8(11)—Corpus of trust given donor's children only at time of donor's death held taxable as part of donor's estate (Revenue Act 1918, § 402 (c); Comp. St. § 6336¾c (c).

Corpus of trust estate created by decedent more than two years prior to her death, by which income during her lifetime was reserved to her husband and herself, and corpus of estate given to children only on her death, held taxable under Revenue Act 1918, § 402 (c), Comp. St. § 6336¾c (c), as interest transferred "to take effect in possession or enjoyment at or after death." .

At Law. Action by Walter A. May and others against D. B. Heiner, Collector of Internal Revenue for the Twenty-Third District of Pennsylvania. Judgment for defendant.

Sachs & Caplan, of Pittsburgh, Pa., for plaintiffs.

John D. Meyer, U. S. Atty., of Pittsburgh, Pa., for defendant.

THOMSON, District Judge. This is an action brought to recover an additional federal estate tax, on the ground of its illegal assessment and collection under the provisions of the Revenue Act of 1918 (Comp. St. §§ 6336¾a–6336¾k). The plaintiffs having filed their statement and amended statement of claim, an affidavit of defense was filed, raising questions of law, which are before the court for determination. The decision of this case has been greatly delayed, due to a combination of causes not essential to state.

Pauline May died on March 25, 1920. Having executed a paper declaring her intention to create a trust, under a formal instrument to be drawn for that purpose, she did, on October 1, 1917, execute such instrument. The question, therefore, arises whether such trust, created by the decedent more than two years prior to her death, was created in contemplation of, or intended to take effect in possession or enjoyment at or after, her death. After assigning certain property to the trustees, and giving them full power and authority to deal with the same, she directed the trustees as follows:

"To pay the net dividends, interest and income thereof, after payment of all taxes, costs and expenses incurred by them in their discretion, in the performance of the duties hereunder; to Barney May during his lifetime, and after his decease, to Pauline May during her lifetime, and after her decease, all the property in said trust, in whatever form or shape it may be, shall, after the expenses of the trust have been deducted or paid, be distributed equally among Walter A. May, Herbert L. May, Edwin G. May and Estelle May Affelder, children of the said Pauline May and Barney May, and in case any of such children be deceased, then as such deceased child shall appoint by his or her last will and testament, or by other written instrument, directed to the trustees, and duly witnessed, and in default of such appointment, to the heirs of such deceased child, per stirpes."

The material part of the Revenue Act of 1918 is as follows:

"Sec. 402. That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title. * * *" Comp. St. § 6336¾c(c).

From the plain language of the trust, the donor gave the income of the fund to her husband for life, and the corpus of the fund to her children; but the gift of the corpus is effective only after the death of Mrs. May, the donor. In this case, it was the gift of the corpus of the fund which was included in valuing the gross estate. The gift becomes the legal, as distinguished from the equitable, property of the children only after the death of the donor of the trust.

[1,2] It is certainly true that the property covered by the gift included in the gross estate came into the possession or enjoyment of the donees only after the death of the donor. It seems to be settled by the authorities that the phrase, "to take effect in possession or enjoyment at, or after death," is used to designate a situation in which the donee's rights with respect to the property (as distinguished from an estate or interest in the property) changed at, or after, and because of, the donee's death. It is perfectly clear that the donor, by adopting a trust form of conveyance, manifested her intention that the property should not come into the present possession of the beneficiaries. By providing in effect for the termination of the trust after death, the possession is made to take effect at that time. While it is true that the trust may be said to take effect in enjoyment at once, the settlor, by imposing the trust, has made a transfer of the corpus, which not only was intended to, but actually does, take effect in possession after death.

From its very nature, a trust deprives the beneficiaries of possession as long as the trust continues. The mere receipt of income does not constitute possession, or enjoyment, within the meaning of the statute. In order to escape the statute, the donee must be in actual possession and enjoyment of the property before death. It has been so held, in the case of Vanderbilt v. Eidman, 196 U. S. 480, 25 S. Ct. 331, 49 L. Ed. 563; in dealing with the inheritance tax imposed by the act of 1898 (30 Stat. 448), the Supreme Court, at page 491 (25 S. Ct. 334), said:

"It will be observed that the duties imposed in section 29 [30 Stat. 464] have relation to two classes: First, legacies or distributive shares passing by death and arising from personal property; and, second, any personal property or interest therein transferred by deed, grant, bargain, sale, or gift, to take effect in possession or enjoyment after the death of the grantor or bargainor, in favor of any person or persons, or to any body or bodies, politic or corporate, in trust or otherwise. As to this second class, the statute specifically makes the liability for taxation depend, not upon the mere vesting in a technical sense of title to the gift, but upon the actual possession or enjoyment thereof. * * *" The possession of property means that "* * * the property, together with all the attributes of ownership, must pass from the donor, to take effect independently of his death." In re Fulham's Estate, 96 Vt. 308, 119 A. 433.

One of the attributes of ownership is the right to dispose, not only of the income, but the corpus of the property. Another attribute is the right to use the property. Neither of these attributes is present here. The donees could not use the property until the founder of the trust died. It seems manifest in this case that the founder intended that the possession and enjoyment of the corpus of the trust fund should be postponed until after her death. To prevent the beneficiaries from having control of the corpus until that time was the very purpose for which the trust was created. The authorities seem to establish that it is only when the beneficiaries have the use and disposal of the property, independently of, and without reference to, the donor's death, that the gift escapes the taxation imposed by the statute. In re Waugh, 78 Pa. 436; State Street Trust Co. v. Stevens, 209 Mass. 373, 95 N. E. 851; In re Bottomley's Estate, 92 N. J. Eq. 202, 111 A. 605; In re Egerton's Estate, 103 Misc. Rep. 471, 170 N. Y. S. 223.

It appears wholly immaterial that the donor may retain no interest whatever in the fund. Almost conclusive evidence of this position is the fact that Congress included in the same section gifts made in contemplation of death. These necessarily vested title and exclusive enjoyment in the donee prior to death. Both before and after the passage of the federal act, the courts held that the reservation of income was not important. In the case of Shukert v. Allen (C. C. A.) 6 F. (2d) 551, Shukert retained no interest whatever in either the income or the corpus of the property. He had created, during his life, a trust which provided that the income should be accumulated, and the fund, with the accumulations, should be distributed amongst his children, or the survivors after his death. The Circuit Court of Appeals of the Eighth Circuit held that the trust was not intended to take effect in possession or enjoyment at or after the death, within the meaning of the statute. To the same effect is Coolidge v. Nicholas (D. C.) 4 F.(2d) 112.

Many state cases are to the same effect. In the case of In re Edwards, 85 Hun, 436, 32 N. Y. S. 901, there was a gift causa mortis of several savings bank books and the deposits which they represented. The court held the gift taxable, not because of any interest retained by the donor, but because full enjoyment did not vest in the donee. The court said: "Mrs. Abbott, the donee, could have no possession or enjoyment of the principal until after his death. The fact that she had the possession and enjoyment of the income in his lifetime makes no difference." The persons who were to take the corpus could not be determined until after the founder's death. How could it be said, therefore, that either the property or an estate therein is in possession or enjoyment at a time when the person who is to own the property is not ascertained.

In conclusion, both from the wording of the statute itself and from the authorities, both federal and state, it seems clear that the value of the corpus of the trust funds was properly included in the gross estate of the decedent, because they constituted property with respect to which the decedent made transfers, intended to take effect in possession or enjoyment at or after her death.

It follows, therefore, that the questions of law raised by the affidavit of defense must be found in favor of the defendant.