[No. 23283. Department Two. December 3, 1931.]

*In the Matter of the Estate of* LAURA M. GAUDETTE, *Deceased.*

EDWARD McCULLOUGH *et al., Trustees, Respondents,* v. RUTH McCULLOUGH HANDLEY, *Appellant,* G. W. H. DAVIS, *Supervisor of Inheritance Tax Division, Respondent.*[1]

[1]Reported in 5 P. (2d) 503.

*Edwin H. Flick* and *Herald A. O'Neill,* for appellant.

*G. W. H. Davis* and *W. F. Van Ruff,* for respondent G. W. H. Davis.

*W. H. Abbott,* for respondents Edward McCullough *et al.*

MILLARD, J.—The judgment of the superior court for Whatcom county in favor of Ruth McCullough (now Mrs. Ruth M. Handley), in an action brought by her to specifically enforce an oral contract to bequeath and devise to the plaintiff certain property, was affirmed in *McCullough v. McCullough,* 153 Wash. 625, 280 Pac. 70. As a result, there passed to Mrs. Handley from the estate of Laura M. Gaudette, deceased, fifty thousand dollars in money, and real property in Bellingham referred to as the Eldridge avenue home. Hearing thereafter had upon the question of whether the property was subject to an inheritance tax, resulted in the entry by the court of an order directing the payment by Mrs. Handley to the state of Washington of a tax upon the money and realty decreed to her. Mrs. Handley has appealed from that order.

The terms of the agreement of appellant's father with Mrs. Gaudette were that the former sever his relations with his daughter, who was to be adopted and educated by Mrs. Gaudette. In consideration of the parent's consent to that adoption, Mrs. Gaudette agreed that, at her death, the appellant was to be made her (Mrs. Gaudette's) heir and receive the Eldridge avenue home and fifty thousand dollars in money.

Counsel for appellant argue that a transfer to appellant of property from devisees of the testatrix Gaudette, as a result of a recovery from them because

the testatrix breached her contract to make a will in favor of the appellant, was not a transfer by will. It is insisted that, though the specific enforcing of the contract to make a will in favor of the appellant be considered as the passing of the property to the appellant by will or sale, it was not an inheritance, as the consideration therefor was a valuable legal consideration; and that, whenever a consideration is given for a transfer, it is not an inheritance, hence not subject to an inheritance tax.

The property in question passed to the appellant by virtue of a contract intended to take effect in possession or enjoyment at or after the death of Mrs. Gaudette. It follows, under the provisions of our statute as follows, that, as the transfer of the property was not to take effect in possession or enjoyment until after the death of the transferor (Mrs. Gaudette), the property is subject to the tax:

"All property within the jurisdiction of this state, . . . which shall pass by will . . . , or by deed, grant, sale or gift made in contemplation of the death of the grantor or donor, or by deed, grant or sale or gift made or intended to take effect in possession or in enjoyment after the death of the grantor or donor to any person in trust or otherwise, shall, for the use of the state, be subject to a tax. . . ." Rem. Comp. Stat., § 11201.

The statute clearly provides that, if the sale or gift is intended to take effect in possession or in enjoyment after the death of the transferor, on the property passing under such sale or gift there shall be paid a tax by the transferee or donee for the privilege of succeeding to the property. Whether the property passes by will or under a contract, makes no difference. The determinative factor is whether the transfer of the prop-

erty is to take effect in possession or enjoyment after the death of the transferor.

"We see no difference in principle between property passing by deed intended to take effect in possession or enjoyment on the death of the grantor and property passing by will. In either case it is the privilege of disposing of property after death of the grantor or testator and of succeeding to it which is taxed, though the amount of the tax is determined by the value of the property. The constitutionality of the law in regard to taxing property passing by will was fully considered in *Minot v. Winthrop,* 162 Mass. 113, and that case, we think, is decisive of this.

"It is immaterial, it seems to us, in this case, as it would be in the case of a will, that the indentures were dated and executed before St. 1891, c. 425, took effect. It is the vesting of the property in possession and enjoyment on the death of the grantor and after the statute took effect, that renders it liable to the tax, and both of those things happened in this case. *In re Green,* and *In re Seaman, ubi supra.*" *Crocker v. Shaw,* 174 Mass. 266.

To the same effect are *In re Orvis' Estate,* 166 N. Y. Supp. 126, 179 App. Div. 1, 223 N. Y. 1, 119 N. E. 88, 3 A. L. R. 1636; *In re Van Cott,* 168 N. Y. Supp. 95, 180 App. Div. 814; *Reisch v. Pennsylvania,* 106 Pa. St. 521; *People v. Danks,* 289 Ill. 542, 124 N. E. 625, 7 A. L. R. 1023.

The transfer was to take effect in possession or enjoyment at or after the date of the death of the transferor. All such property, the statute (Rem. Comp. Stat., § 11201) expressly provides, shall be subject to a succession tax. There is no limitation. In the absence of express or implied statutory authority (we find none) therefor, the fact that the transfer was made for a valuable consideration would not exempt the property from the tax imposed.

"It can make no difference that there was a valid consideration for the contract to transfer the property

by will. The imposition of the tax is not limited to property passing gratuitously by will, but extends to 'all property' so passing. If the legislature had intended to limit the imposition of the tax to property passing gratuitously, it could easily have said so; but by providing that all property passing by will should be subject to the tax, it manifested an intention not to so limit it." *Carter v. Craig,* 77 N. H. 200, 90 Atl. 598, Ann. Cas. 1914D 1179, 52 L. R. A. (N. S.) 211.

 Counsel next contend that the title to the act (Rem. Comp. Stat., § 11201): "An Act relating to the taxation of inheritances and providing for disposition of same," is not broad enough to include transfers to take effect in possession or enjoyment after death; that the only thing "taxable under this act is the inheritance."

We said in *In re White's Estate,* 42 Wash. 360, 84 Pac. 831:

"In revenue laws the term 'inheritance tax' is almost universally employed to designate or describe a tax on the right of succession whether by operation of law, by will, or by grant."

The provision in the act as to transfers to take effect after death is fairly embraced within the title to the act. The phrase "inheritance tax" immediately conveys to the mind of the reader the thought that property passing upon the death of the owner will be subject to a succession tax.

"There is no natural right to create artificial and technical estates with limitations over, nor has the remainderman any more right to succeed to the possession of property under such deeds than legatees and devisees under a will. The privilege of acquiring property by such an instrument is as much dependent upon the law as that of acquiring property by inheritance, and transfers by deed to take effect at death, have frequently been classed with death duties, legacy and inheritance taxes." *Keeney v. New York,* 222 U. S. 525.

As stated in *Oliver's Estate*, 273 Pa. 400, 117 Atl. 81:

"By the act of 1919, the legislature has enlarged the class of taxable gifts to include those 'made in contemplation of death'; but it has not changed the source of payment, or otherwise altered its character as a succession tax."

The act does not offend against the constitutional provision (§ 19, Art. II) that no bill shall embrace more than one subject and that shall be expressed in the title.

■ Counsel for appellant finally contends that the inheritance tax assessed against the realty is too high, because in the computation of the tax the court used the appraised value of the home instead of the value placed thereon by a real estate man who testified as a witness in behalf of the appellant.

The appraisers of the estate valued the property at $14,250. Appellant's witness placed a valuation on the property of from $7,000 to $9,000. In her action to specifically enforce the contract to make a will in her favor, appellant alleged that the real property was worth $15,000, and her prayer was for judgment in the amount of $65,000 in money, or, in the alternative, $50,000 in money and the real property.

The assessment against the real property on the basis of a valuation of $14,250 will not be disturbed, inasmuch as the evidence does not preponderate against that finding of value.

The order appealed from is affirmed.

TOLMAN, C. J., HOLCOMB, MAIN, and BEALS, JJ., concur.