In the Matter of the Transfer Tax upon the Estate of H. MELVILLE
HANNA, Deceased.

Surrogate's Court, New York County, July, 1922.

**Transfer tax — non-resident — deed of trust — securities of New York corporation — transfer of stocks taxable under law in force at time of decedent's death — Tax Law, § 220(4).**

Decedent, a non-resident, died in the year 1921. In the year 1912 he executed a trust agreement giving his trustees shares of stock in a corporation organized in this state in trust to receive the income and to pay the same to the grantor of the trust deed during his life and upon his death to deliver the fund as he might direct by will and in default thereof to his descendants surviving him in equal shares, if more than one, *per stirpes* and not *per capita*. The grantor had the power to terminate the trust and repossess himself of the whole or any portion thereof. His will was executed the same day as the deed of trust and declared that the will should not operate as an exercise of any powers of appointment which might be vested in him at the time of his death. The decedent was survived by three children. The stock under the trust deed was appraised at over eight million dollars.

At the time of the execution of the deed of trust the transfers of stock by a non-resident decedent were not taxable but at the date of decedent's death such transfers were taxable under subdivision 4 of section 220 of the Tax Law. *Held*, that by the reservation of the right to revoke the trust the trust deed was rendered as ambulatory as a will; that the right to the fund could not be established until his will was probated; that the transfer by the deed of trust was testamentary and did not become effective until the death of decedent and is taxable under the law in force at his death.

APPEAL from an order fixing a transfer tax.

*Carter, Ledyard & Milburn (Heber Smith,* of counsel), for trustees and beneficiaries.

*Lafayette B. Gleason (Schuyler C. Carlton,* of counsel), for State Tax Commission.

COHALAN, J.   The order from which this appeal is taken assesses a transfer tax on shares of stock transferred by a trust deed.

The decedent died February 8, 1921, a resident of the state of Georgia. By an instrument dated May 9, 1912, he gave to Lewis Cass Ledyard and Lewis Cass Ledyard, Jr., of this city, as trustees, notes and shares of stock of the Melville Securities Company, a corporation organized in this state in trust for the following purposes: To take possession of the trust fund, to collect and receive the income thereof, and after deduction of proper charges to pay the income to the grantor during his life, and upon his death to deliver the fund unto such persons as the grantor by his last will and testament should direct and appoint, and in default

of such appointment, then share and share alike " to and among such of the descendants of the party of the first part [the donor] as shall survive him if more than one, *per stirpes* and not *per capita.*" The trustees were given the discretion to exchange the notes of the corporation for an equal amount of their other obligations bearing the same rate of interest. The grantor reserved the right to appoint a trustee in the place of any one designated as such in the original instrument who should die, resign or become incapacitated. It was also provided that the grantor might terminate the trust " either as to the whole or any part of the said trust fund " and repossess himself of the whole or any portion thereof.

In his will executed the same day as the deed, the decedent expressly declared that the will should not operate as an exercise of any powers of appointment which might be vested in him at the time of his death.

The decedent was survived by three children. The appraiser has reported a valuation of over $8,000,000 on the shares of stock conveyed by the trust deed, the only property of the decedent the transfer of which was found by him to be taxable in this state. The order entered in the report assesses a tax of over $100,000 on the share of each of the three beneficiaries, who with the trustees take this appeal on the ground that the law in force at the date of the execution of the trust deed controls the imposition of the tax and that the estate is, therefore, exempt.

As the income from the trust fund was payable to the decedent during his life, the gift was indisputably a transfer intended to take effect in possession and enjoyment at his death. *Matter of Keeney,* 194 N. Y. 281; *Matter of Bostwick,* 160 id. 489; *Matter of Dana Co.,* 215 id. 461; *Matter of Brandreth,* 169 id. 437; *Matter of Cornell,* 170 id. 423; *Matter of Green,* 153 id. 223; *Matter of Garcia,* 183 App. Div. 712. In this case, however, a novel question arises from the fact that at the time of the execution of the deed of trust the transfer of shares of stock owned by a non-resident decedent was not subject to tax, while at the date of his death the transfer of such property was and is now taxable by the provisions of subdivision 4 of section 220 of the Tax Law.

The tax is imposed on the right of succession to the property transferred. *Matter of Swift,* 137 N. Y. 77, 88. The law in effect at the time the right accrues governs the imposition of the tax. *Matter of Seaman,* 147 N. Y. 69, 77. There was no right of succession to the property transferred to these beneficiaries until the death of decedent. *Matter of Garcia, supra; Matter of Dana Co., supra.* There was no gift to his children, but a direction

to the trustees to divide the fund at his death among his descendants then living.   The interests of the beneficiaries were, therefore, future and contingent.   *Matter of Baer*, 147 N. Y. 348, 354; *Matter of Crane*, 164 id. 71, 76; *Townshend* v. *Frommer*, 125 id. 446; *Whitman* v. *Terry*, 196 App. Div. 282; *Delaney* v. *McCormack*, 88 N. Y. 174, 183; *Delafield* v. *Shipman*, 103 id. 463.   The deed was rendered as ambulatory as a will by the reservation of the right to revoke the trust.   *Matter of Green, supra; Matter of Dana Co., supra.* The possession and enjoyment of the principal by decedent's children were further dependent on the non-exercise of the power of appointment by decedent or its exercise by him in their favor. It was not until he died and his will was admitted to probate that the right to the fund could be established.   The provision of section 41 of the Real Property Law that " the existence of an unexecuted power of appointment does not prevent vesting of future estates limited in default of the execution of the power " has no application in the present case because here the estate is not only future but contingent.

The facts in the *Dana Company* case are quite similar to those in the present proceeding.   There the decedent had transferred shares of stock to a trustee, reserving to himself the income for his life and the right to revoke the instrument.   The deed was executed in 1905 before the law providing for the progressive rates of tax had been enacted.   The decedent died in October, 1910, after the amendments of the Tax Law increasing the percentage of taxation with the value of the property transferred.   The court held that the trust deed was testamentary in character and that as it took effect at the same time as the will " the entire transfer should be viewed as a whole and falls within the purport and intent of the statute."   The testator in *Matter of Garcia, supra,* executed a trust deed by the provisions of which the income was to be paid to him for life and at his death the principal to his widow, if living, but to her appointee by will, if she died before such payment.   The widow survived the settlor.   The question arose in transfer tax proceedings as to the date of the accrual of the tax.   Although no power of revocation was expressly reserved by the grantor, the court held that the transfer took place as of the death of decedent and that the value of the property transferred should be added to the bequests to the beneficiary made by decedent's will.

It is evident from the opinion in *Matter of Webber*, 151 App. Div. 539, that it was because of the absence from the deed of trust of a reservation of the power to alter the terms of the instrument

that the court held the law in force at the date of the instrument to control the imposition of the tax. Woodward, J., says (p. 540): " When the trust deed was made and delivered, *without reserving any right to change the same*, the right of succession became fixed, and it is this right of succession, and not the property which is the subject of this tax. (*Matter of Swift*, 137 N. Y. 77, 88.)"

The appellants rely on the decision in *Matter of Seaman*, 147 N. Y. 69, in support of their contention that the gift to the remaindermen took effect at the time of the delivery of the deed of trust. Seaman died in 1876 prior to the enactment of the Taxable Transfer Act. He created a trust by his will, the income from the fund to be paid to his niece for her life, and upon her death the principal to the children of his nephew living at the termination of the life estate. The life tenant died in 1893 after the Taxable Transfer Act of 1892 took effect. The state attempted to exact a tax on the transfers of the remainder. The court held that it was not the intention of the legislature to tax the transfer of property derived from the estate of a decedent who had died prior to the passage of the act. The decision which the court would render if the facts in the present case were before it for determination is indicated by the following excerpt from the opinion of Judge Finch: " A grantor may have conveyed and delivered his deed before 1892, in contemplation of death, and to take effect upon the happening of that event, or reserving a power of revocation, as well as the possession or enjoyment, during his lifetime, and the legislature certainly intended to put such a transfer on the same footing as one by will. It is of no consequence that the will was executed before the statute if the death occurs after, and the same rule was intended to be explicitly applied to grants *causa mortis.*"

It is contended by the appellants that the decisions in *Matter of Masury*, 28 App. Div. 580; affd., 159 N. Y. 532; *Matter of Bowers*, 195 App. Div. 548; affd., 231 N. Y. 613; *Matter of Cochrane*, 117 Misc. Rep. 18; *Matter of Voorhees*, 200 App. Div. 259; *Matter of Wing*, 190 N. Y. Supp. 908, are authorities for the proposition that the reservation by the grantor in this case of the right to revoke the trust deed did not operate to prevent the transfer from taking effect as of the date of the instrument.

In all these cases the grantor, on the delivery of the deed, parted with all beneficial interest in the property transferred. Simultaneously the donees became entitled to the income from the gift. The courts under these circumstances were of the opinion that the grantor did not contemplate the future employment of his reserved right of revocation as a means of depriving the donees of the enjoyment of the gift bestowed on them by the instrument.

The transfer by the deed of trust in the present case was purely testamentary. It did not become effective until the death of decedent. Its taxation is governed by the law in force at his death. The report of the appraiser is correct and the order fixing tax is affirmed.

Order affirmed.