In the Matter of the Transfer Tax upon the Estate of JACOB G. SCHMIDLAPP, Deceased.

Surrogate's Court, New York County, August, 1922.

Transfer tax — deed of trust reserving to donor right to alter, modify or revoke — when transfer testamentary in character and subject to tax in force at time of death of donor — Tax Law, § 230.

Where a deed of trust reserves to the donor the absolute right to alter, modify or revoke the instrument in whole or in part, it is testamentary in character and does not become effective until the death of the donor, and the law in force at the time of his death governs the taxation of the transfer.

The legal effect of the plainly expressed provision of the deed cannot be affected by evidence purporting to show a different intent on the part of the donor, and the imposition of a tax upon the transfer under said deed impairs no constitutional right.

Under section 230 of the Tax Law a transfer tax may be presently assessed in the estate of the donor on a remainder over which an absolute power of appointment was given.

APPEAL from an order fixing a transfer tax.

*White & Case (Fitzhugh McGrew, of counsel)*, for Bankers Trust Company, as trustee, appellant.

*Rushmore, Bisbee & Stern (Laurence Maxwell, of counsel)*, for Carl J. Schmidlapp, a beneficiary, appellant.

*William W. Wingate*, for State Tax Commission, respondent.

COHALAN, S. Appeals have been taken by the trustee and one of the beneficiaries under a deed of trust, respectively, from the order fixing the transfer tax on the ground (1) that the imposition

of a tax on the property transferred by the trust deed was erroneous; (2) that remainders over which an absolute power of appointment was given have been presently taxed; (3) that shares of stock in certain corporations have been appraised in excess of their fair market value.

The decedent, who was a resident of the state of Ohio, died December 18, 1919. He executed a trust deed dated January 14, 1915, by which he transferred to a trust company of this city certain securities including shares of stock in corporations organized in this state, in trust to collect the income and after paying all proper charges, to apply the remaining income to the use of the donor during his lifetime, but not subsequent to the 10th day of August, 1923. Upon the death of the donor, or upon the last-mentioned date, if the donor should be then living, the trustee was to pay the income in equal parts to the two sons of decedent for their respective lives with power of appointment to each over the principal of his share and in default of the exercise of the power, the principal to pass to the heirs of the respective life tenants.

The enjoyment of the gift by the beneficiaries did not begin at the time of the delivery of the deed but by its terms was postponed until the death of the decedent if he should die before August 10, 1923. The gift was intended to and did take effect in possession and enjoyment on the death of decedent, for it was that event which was intended to and did render it " complete and effective." *Matter of Green,* 153 N. Y. 223; *Matter of Keeney,* 194 id. 281; *Matter of Bostwick,* 160 id. 489; *Matter of Dana Co.,* 215 id. 461; *Matter of Brandreth,* 169 id. 437; *Matter of Cornell,* 170 id. 423; *Matter of Garcia,* 183 App. Div. 712.

The affidavits and documents submitted by the trustee on the argument of the appeal purporting to show that the decedent had not intended to retain the income from the trust fund for his own use cannot affect the plainly expressed provision of the instrument. *Matter of Ogsbury,* 7 App. Div. 71. In that case the transfer tax appraiser had excluded evidence offered by the executor in an attempt to prove that a gift made by a deed of trust was not intended to take effect on the death of the donor. Williams, J., writing the opinion, said (p. 75): " The inference to be drawn from the indenture and will is that the grantor intended to transfer the legal title to the property to the trust company at the time the indenture was executed and delivered upon the trust specified therein, which was to hold the property during the lifetime of the deceased and pay the income, over and above the charges of the

MATTER OF JACOB G. SCHMIDLAPP. **217**

Misc. 215]    Surrogate's Court, New York County, August, 1922.

trust company executing the trust, to the deceased for his use during his lifetime, and at his death to transfer the property itself to the persons referred to therein. We do not see how proof could be made of any different intent. This intent was plainly expressed and carried out by the trust company, and we think no error was committed by the appraiser in ruling as he did. What the legal effect of such intent, so expressed, was, is the only question left to be determined. Whether the indenture was made in contemplation of death, or to take effect, in whole or in part, after death, for the purpose of the tax, is rather a question of law than of fact."

In *Matter of Masury*, 28 App. Div. 580; affd., 159 N. Y. 532, one of the trust deeds executed by the decedent reserved to the donor the income during his life or to his order. Subsequent to the execution of the deed the donor gave a written order to pay the income to one of his grandsons. It was held notwithstanding this fact that the property transferred by the deed was taxable as a gift to take effect in possession and enjoyment on the death of the donor.

The appellants contend that the liability to the tax of the property transferred by the trust deed is to be determined by the law in force at the time of the execution and delivery of the instrument. When the deed was delivered, the statute did not authorize a tax on the transfer by a non-resident decedent of shares of stock in a corporation organized in this state. The trust fund includes this class of property and the order appealed from assesses a tax on the transfer as provided by the law in effect at decedent's death.

The trust instrument contains reservations of the absolute right to alter, modify or revoke the trust in whole or in part, to control the investment and reinvestment of the fund and to substitute a trustee or trustees in the place and stead of the trust company designated in the deed. The retention of these powers by the donor renders the instrument testamentary in character and the law in force at his death governs the taxation of the transfer. *Matter of Seaman*, 147 N. Y. 69, 77; *Matter of Dana Co., supra; Matter of Garcia, supra; Matter of Hanna*, 119 Misc. Rep. 159.

The decisions in *Matter of Bowers*, 195 App. Div. 548; affd., 231 N. Y. 613; *Matter of Masury*, 28 App. Div. 580; affd., 159 N. Y. 532; *Matter of Wing*, 190 N. Y. Supp. 908; *Matter of Cochrane*, 117 Misc. Rep. 18; affd., 202 App. Div. 751, and *Matter of Voorhees*, 193 N. Y. Supp. 168, holding that under the circumstances of those cases the reservation of the right to revoke the trust deed did not operate to prevent the passing of the gift to the beneficiaries on the delivery of the instrument, have no application to the

present proceeding for the reasons stated by me in the opinion in *Matter of Hanna, supra,* in which the above-cited authorities were distinguished. In other jurisdictions besides our own, the rule is recognized and applied that a gift by a deed of trust in which the right of revocation is reserved to the grantor does not become effective until his death, while if no such reservation is made, the gift is deemed to be complete on the delivery of the instrument. *Line's Estate,* 155 Penn. St. 378; *Matter of Bullen,* 143 Wis. 512; *Blodgett* v. *Union & New Haven Trust Co.,* 116 Atl. Rep. 909, not yet officially reported, Supreme Court of Connecticut; *Crocker* v. *Shaw,* 174 Mass. 266.

Recent decisions of the Supreme Court of the United States are cited by the learned counsel for the appellants holding that the act of congress is not to be construed as retrospective which provides that transfers are taxable whenever made, if intended to take effect in possession and enjoyment at death. These cases lay down no different rule than that announced in this state in *Matter of Pell,* 171 N. Y. 48; *Matter of Vanderbilt,* 172 id. 69, and *Matter of Seaman, supra.* The imposition of the tax, however, violates no constitutional right, if the instrument of transfer, as in the present case, may, like a will, be changed at any time in the discretion of the donor. *Matter of Seaman, supra.*

The appeals on this ground are denied.

It has recently been held by the Appellate Division, second judicial department, in *Matter of Cole,* 202 App. Div. 546, that section 230 of the Tax Law authorizes the assumption of the contingency that an absolute power of appointment may not be exercised by the donee. A tax may, therefore, be presently assessed in the estate of the donor on a remainder over which a power is given.

The appeals on this ground are denied.

The proofs submitted to the appraiser justify his valuations of the shares of stock as to which the appeals are taken and the affidavit received on the argument of the appeal does not satisfy me that the appraisals are in excess of the fair market value.

The appeals on this ground are denied. The order fixing tax is affirmed.

Ordered accordingly.