WOODWARD, J. [1] This action was brought to foreclose a purchase-money mortgage assigned to the plaintiff. The defendants Hudson Mantel & Mirror Company and the Colwell Lead Company had, subsequent to the mortgage, furnished plumbing, mantels, and mirrors used in the construction of certain houses upon the premises covered by the mortgage; but these materials had been placed under contracts of conditional sale, which contracts were duly recorded according to law, and the question here presented is whether the plaintiff is entitled to hold these materials as a part of the mortgage security, or whether they belong to the appealing defendants.

So far as the Hudson Mantel & Mirror Company's claim is concerned, it cannot be distinguished from the case of Barwin Realty Co. v. Union Stove Works, 146 App. Div. 319, 130 N. Y. Supp. 781, and the judgment in so far as it cuts off said company should, of course, be reversed.

[2] The only distinction we are able to discover between the claim of the Colwell Lead Company and that involved in the Barwin Realty Co. Case, supra, is that while the defendant's original conditional contract was duly filed, as required by law, and was on record at the time of the commencement of the action, it appears that the same was not redocketed at the end of the year, and during the pendency of the action. Just how this could operate to give the plaintiff a right to take materials which belonged to the defendant Colwell Lead Company at the time the action was commenced does not occur to us. The litigation relates to the facts as they existed when the action was commenced, and, at that time, the defendant had not parted with title. Being a party to the action, the defendant was not called upon to redocket its conditional sales contract to preserve its rights, for title could not vest in the Milton Construction Company under the contract in any event, though a third party, dealing with that company without notice of the conditional contract, might gain rights which could not be divested.

The judgment, in so far as it affects the defendants Colwell Lead Company and the Hudson Mantel & Mirror Company, should be reversed, with costs, upon the authority of the case above cited.

THOMAS, CARR, and RICH, JJ., concur. JENKS, P. J., not voting.

---

### In re WEBBER.

(Supreme Court, Appellate Division, Second Department. June 14, 1912.)

TAXATION (§ 862*)—TRANSFER TAX—ASSESSMENT—VESTING OF INTEREST—TIME—WHAT LAW GOVERNS.

    A widow having acquired certain property from her husband on August 21, 1909, executed and delivered a deed of trust in which she reserved to herself the income of the estate for life, remainder to certain designated beneficiaries in specified portions, with provisions for distribution on the termination of trust period. *Held*, that the interests of the beneficiaries vested on delivery of the deed, so that on the widow's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

death in October, 1910, the transfer tax assessable on the right of succession of such beneficiaries was governed by Laws 1909, c. 62 (Consol. Laws 1909, c. 60, §§ 220–245), in force at the time of such delivery, and not by Laws 1910, c. 706, greatly increasing the tax, in force at the date of the widow's death.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1677; Dec. Dig. § 862.*]

Appeal from Surrogate's Court, Westchester County.

In the matter of the appraisal of property under a deed of trust, made by Martha A. Webber for the assessment of transfer taxes. From an order of the Surrogate Court of Westchester County modifying and amending an order assessing the tax, the State Comptroller appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

Winfield L. Morse, of New York City, for appellant.
Edgar L. Ryder, of New York City, for respondent.

WOODWARD, J. John Webber died on the 15th day of June, 1909, leaving all of his estate, both real and personal, to his widow, Martha A. Webber, and the transfer tax upon this succession has been paid. On the 21st day of August, 1909, Martha A. Webber, the widow of the said John Webber, made, executed, and delivered to Morris E. Webber and John Webber a deed in trust, reserving to herself the income of the estate transferred by such deed during her natural life. This deed was made for the purpose of giving effect to: a proposed will which John Webber, deceased, had failed to execute, and appears to have been the result of a mutual arrangement. The trust deed, after providing for the expenses of the trust and other like matters, with a life use of the income, gave three-sixteenths to Morris E. Webber absolutely, and a like sum to John Webber absolutely, and then provided for certain trusts for the benefit of other members of the family, with provisions for the distribution of the same upon the terminations of the trust periods, the details not being essential to the question here presented. At the time of the delivery of said trust deed on the 21st day of August, 1909, the Transfer Tax Law (Chapter 62 of the Laws of 1909 [Consol. Laws 1909, c. 60, §§ 220–245]) fixed a tax of 1 per centum upon the clear market value of such property passing to or for the use of children. Martha A. Webber died in October, 1910, and in July of that year chapter 706 of the Laws of 1910 came into effect, largely increasing the transfer tax, and the question presented upon this appeal from an order of the surrogate of Westchester county finally fixing the transfer tax under the provisions of chapter 62 of the Laws of 1909, which was the law in effect at the time of the making and delivery of the trust deed, is whether the tax should be fixed as of the date of the making and delivery of the deed, under the then existing law, or under the provisions of the law as it existed at the time of the death of Martha A. Webber.

We are clearly of the opinion that the learned surrogate has properly disposed of this question. When the trust deed was made and delivered, without reserving any right to change the same, the right of succession became fixed, and it is this right of succession, and not the property, which is the subject of this tax. Matter of Swift, 137 N. Y. 77, 88, 32 N. E. 1096, 18 L. R. A. 709. The law in effect at the time that the right of succession became fixed is the law which governs in a case of this kind, and the question as to when the beneficiaries actually come into the enjoyment of the fund is of no consequence. The beneficiaries under this trust deed took their rights as of the day of the delivery of the deed. Their rights were fully established, subject to the contingencies provided therein, and those who should finally take became entitled thereto upon the payment of the tax provided for the transfer at the date of the delivery of the deed, and there can be no justification for construing chapter 706 of the Laws of 1910 to relate back to this transfer and to fix the tax therefor. The fact that the deed was made in contemplation of death, if this be true, operates, of course, to give a right of taxation upon the succession, but it does not operate to make this deed in effect a will to become operative upon the death of Martha A. Webber. The deed became operative immediately upon its delivery with the intention of vesting title in the trustees for the purposes of the trust, which provided for the final distribution of the property, and only the benefits were postponed to the happening of a particular event, and the law of that contract must be determined by the law as it existed when the deed became effective.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur. JENKS, P. J., not voting.