---

### In re POLHEMUS' ESTATE.

(Surrogate's Court, New York County. February 17, 1914.)

1. TAXATION (§ 861*)—TRANSFER TAX—WHAT LAW GOVERNS.
    The taxability of the transfer of property of a decedent is governed by the law in force at the time the transfer took place.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1676; Dec. Dig. § 861.*]

2. GIFTS (§ 1*)—WHAT CONSTITUTES—"GIFT."
    A "gift" is a voluntary transfer of property by the owner to another without any consideration or compensation therefor.
    [Ed. Note.—For other cases, see Gifts, Dec. Dig. § 1.*
    For other definitions, see Words and Phrases, vol. 4, pp. 3084–3087; vol. 8, p. 7670.]

3. TAXATION (§ 878*)—TRANSFER TAX—WILL CONTEST—SETTLEMENT.
    Testator having bequeathed $15,000 to decedent and her sister, C., a nephew, instituted proceedings to contest his will, and to prevent this an agreement was made reciting that in consideration of C.'s withdrawal of the contest the $15,000 should be deposited with a trust company, the income paid to decedent and her sister during their lives, and on the death of the survivor the fund should be paid to C. *Held*, that C.'s right to the remainder of the fund under such agreement was not a gift, and was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not therefore subject to transfer taxation under the law as it existed on October 23, 1906, when such instrument was executed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701; Dec. Dig. § 878.*]

Proceedings for assessment of a transfer tax on a remainder received by Clyde Polhemus under a settlement agreement in consideration of withdrawal of a contest of the will of Millard F. Polhemus.

Haight, Sandford & Smith, of New York City (H. M. Hewitt, of New York City, of counsel), for Clyde Polhemus.

Thomas E. Rush, of New York City (Moses R. Ryttenberg, of New York City, of counsel), for State Comptroller.

Solomon Hanford, of New York City, for executor.

FOWLER, S.  Clyde Polhemus, a nephew of the decedent, has appealed from that part of the order which assesses a tax upon the transfer of $14,850 to him.  The appraiser found that this sum was a gift made to Clyde Polhemus by the decedent, and intended to take effect in possession at or after her death.  The State Comptroller appeals from the order fixing tax and contends that the gift should be taxed under the provisions of the law in force at the date when the gift was made and not under the law in effect at the date of decedent's death. Millard F. Polhemus, a brother of the decedent, died in 1906, leaving a will by which he bequeathed the sum of $15,000 to the decedent and her sister Ramona Polhemus.  Objections to the probate of the will were filed by the guardians of Clyde Polhemus, then an infant.  Before the issues raised by the objections had been brought on for trial, an agreement was entered into between the decedent, her sister Ramona and the guardian of Clyde Polhemus, which provided that, "in consideration of love and affection for their nephew Clyde Polhemus and other good and valuable consideration them thereunto moving," the bequest of $15,000 given by the will of Millard Polhemus to the decedent and her sister Ramona should be deposited in a trust company, the income paid to the decedent and her sister Ramona during their lives, and upon the death of the survivor the corpus of the trust fund to be paid to Clyde Polhemus; provided, however, that there should be no contest of the will of Millard Polhemus and that the objections to the probate of the will filed by the guardian of the said Clyde Polhemus should be withdrawn.  There is no direct proof that the objections were withdrawn, but the fact that the $15,000, less $150 paid for transfer tax, was deposited with a trust company and the income paid to the decedent and her sister during their lives, and the corpus of the fund paid to Clyde Polhemus upon the death of the decedent, leads inevitably to the conclusion that the objections to the probate of the will were withdrawn.  Ramona Polhemus predeceased the decedent herein.  Upon the death of the decedent the sum of $14,850 became payable to Clyde Polhemus under the terms of the agreement above referred to.  The appraiser reported that this sum was taxable as a gift intended to take effect at or after death, and the order assess-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed a tax upon it as if it were transferred at the date of decedent's death. Clyde Polhemus contends that it is not taxable, and the State Comptroller contends that it is taxable under the provisions of the Tax Law in force in 1906.

[1] The taxability of the transfer of property is governed by the law in effect at the time when the transfer takes place. Matter of Webber, 151 App. Div. 539, 136 N. Y. Supp. 83; Matter of Haight, 152 App. Div. 228, 136 N. Y. Supp. 557. The transfer to Clyde Polhemus was effected by the instrument executed by the decedent, her sister, and the guardian of Clyde Polhemus on the 23d day of October, 1906. The Tax Law in force at that time provided that a tax should be imposed when the transfer of the property was made by gift intended to take effect in possession or enjoyment at or after the death of the donor. If the sum of $14,850 deposited with the trust company under the terms of the agreement above referred to was a gift from the decedent and her sister to Clyde Polhemus, its transfer would be taxable in accordance with the provisions of the Tax Law in force in 1906. But the papers attached to the appraiser's report would seem to indicate that the trust fund was not given to Clyde Polhemus as a gift.

[2, 3] A "gift" has been defined as a voluntary transfer of property by the owner thereof to another without any consideration or compensation therefor. Gray v. Barton, 55 N. Y. 68, 14 Am. Rep. 181. The agreement entered into between the decedent and her sister and the guardian of Clyde Polhemus recites that it was made for a good and valuable consideration. It also contains an express provision that it was to be of no force or effect unless the objections filed by the guardian of Clyde Polhemus to the probate of the will of Millard F. Polhemus were withdrawn. Clyde Polhemus was one of the next of kin of Millard, and if his objections to the probate of the will were sustained he would be entitled to a distributive share of the estate under the intestate laws. This right to contest the probate of the will and to receive a share of the estate in the event of his success was relinquished by him in consideration of the agreement made by the decedent and her sister to give him the remainder after their life estate in the legacy of $15,000 bequeathed to them by the will of Millard. The right of Clyde Polhemus to this remainder was dependent upon his withdrawing his objections to the probate of the will of Millard. By withdrawing his objections he was surrendering a valuable right. And it was because of his surrender of this valuable right that he became entitled to receive the $14,850, i. e., $15,000, less $150 transfer tax paid on this amount in the estate of Millard F. Polhemus. Therefore the property was not transferred as a gift from the decedent and her sister to Clyde Polhemus, but was received by him in accordance with the terms of a valid contract. Such a transfer of property is not taxable under the provisions of the Transfer Tax Law.

The order fixing tax will be modified by striking therefrom the tax assessed on the sum of $14,850 against Clyde Polhemus. Settle order on notice.