In the Matter of the Transfer Tax upon the Estate of FRAN-CISCO GARCIA (Sometimes Known as FRANCISCO GARCIA Y LOPEZ), Deceased.

COMPTROLLER OF THE STATE OF NEW YORK, Appellant, Respondent; JOSEPH F. CULLMAN and Others, as Executors, etc., Respondents, Appellants.

First Department, May 31, 1918.

Tax — transfer tax — bequest to widow who also receives property under deed of trust — when latter transfer takes effect at death — legacy and gift by deed taken together in determining widow's exemption and rate of taxation.

Where a testator, before executing a will in which he left certain property to his widow, gave a deed of trust to the persons whom he afterwards appointed as executors, the income from the trust property to be paid

to him for life and at his death the principal to be paid to his widow if living, but to her appointee by will if she died before such payment, and on. her failure to exercise her power of appointment then the principal to become part of the residuary estate or to be returned to the testator if his widow died before him, the gift of the trust fund to the widow was not intended to take effect in possession or enjoyment until after the death of the testator, although he did not reserve unconditionally the right of control or revocation.

Hence, on the death of the testator leaving the widow him surviving the legacy to her and the gift under the deed of trust should be taken together for the purpose of determining the exemption and amount of the transfer tax; that is to say, there should be only one exemption.

The executors on appeal cannot insist that the tax on the transfer of the *corpus* of the trust should have been imposed against the trustees as such where they did not take the objection in the court below, and moreover there is no merit in such objection as the tax is binding on the widow and will only affect the executors or trustees to the extent that they receive the property against which the tax is a charge.

APPEAL by the Comptroller of the State of New York from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 31st day of October, 1917, in so far as it, in part, reverses a prior order fixing the tax herein.

Appeal by Joseph F. Cullman and others, as executors, from all of said order except such portions as reverse the prior order fixing the tax.

*John B. Gleason* of counsel [*Lafayette B. Gleason*, attorney], for the State Comptroller, appellant, respondent.

*Robert E. Samuels* of counsel [*Goldsmith, Cohen, Cole & Weiss*, attorneys], for the executors, respondents, appellants.

LAUGHLIN, J.:

The testator Francisco Garcia died on the 29th of April, 1916, leaving a last will and testament executed on the 27th day of February, 1912, which was admitted to probate on the 9th of August, 1916. He was survived by his widow to whom he gave a legacy of $100,000 and personal property appraised at $2,425.25, aggregating in value $102,425.25. On the fourth day of January preceding the execution of the will he executed a trust agreement by which he gave to two trustees, whom he afterwards appointed executors with his

widow as executrix, $100,000 in trust to pay the income to himself during his life and within thirty days after his death *to pay* the principal *over* to his widow if living, and if she should die before payment then to pay the principal over to her appointee by will, but if she failed to appoint by will it was provided that the principal should go to his executors and become part of his residuary estate unless she predeceased him, in which event it was to be returned to him. The trust agreement also provided that if he should be prevented from receiving the net income during his life, it should be paid to his wife, if living, in semi-annual installments, and if she should not be living then the trustees were directed to apply the net income to his support and maintenance and, in such event, upon his death the *corpus* was to become part of his residuary estate. It was further provided that if the trustees should resign or die without appointing their successors as therein authorized, then the settlor might appoint their successors or terminate the trust and recover the principal.

The learned surrogate held that since the settlor did not reserve power to revoke the trust and his wife survived him more than thirty days, she became entitled to the fund; and that the transfer thereof to her was effected not on his death but when the trust agreement was executed, and that, therefore, the statute technically required that the property should be appraised as of that date, but that it would be more equitable to appraise it as of the date of the death of the settlor owing to the fact that there would be a penalty of ten per cent for non-payment if its value should be determined as of the date of the trust agreement. He, therefore, approved the appraisal of the *corpus* as of the date of the death of the settlor but reversed the order in so far as it added the value of the *corpus* to the value of the legacy and bequests to the widow for the purpose of determining the exemptions and tax. (101 Misc. Rep. 387.) The widow of course took the *corpus* of the trust by virtue of the trust agreement and not under the will. That, however, does not necessarily indicate whether it was taxable or if taxable when she took it. If it were a completed gift *inter vivos*, vested in possession and enjoyment, neither contingent on the wife surviving her husband nor made in contemplation of death, then of course it would become effective

at once as an executed gift and would not be subject to the transfer tax, and if a completed gift *inter vivos*, but made in contemplation of death or intended to take effect in possession or enjoyment at or after the death of the donor, then too she would take as of the date of the execution of the trust agreement and the transfer tax accrued immediately upon the transfer which at once became effective; but if the gift of the *corpus* to her was in the nature of a testamentary disposition thereof, then, although evidenced by a separate instrument for the purpose of determining the rate of taxation and exemptions, it should be added to the legacy and other bequests which she took under the will at the same time (*Matter of Hodges*, 215 N. Y. 447; *Matter of Thompson*, 167 App. Div. 356; *Matter of Van Cott*, 180 id. 814; *Matter of Bostwick*, 160 N. Y. 489; *Matter of Cornell*, 170 id. 423), and there should be only one exemption, for the sole purpose of the amendment to section 221-a of the Tax Law made by chapter 664 of the Laws of 1915, after the statute had been construed as granting an exemption on each transfer (*Matter of Hodges*, 86 Misc. Rep. 367; affd., on Surrogate FOWLER's opinion, 168 App. Div. 913; affd., 215 N. Y. 447), appears to have been to require that all of the property transferred at the same time should be considered together as if embraced in a single transfer.

By section 220, subdivisions 1, 2 and 3, of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62), as amended by chapter 323 of the Laws of 1916, which took effect before the death of the testator, a tax was imposed upon the transfer of any tangible property within the State and of intangible property or of any interest therein or income therefrom whether in trust or otherwise, subject to certain exemptions not here involved. The statute relates to any interest in property in possession or enjoyment present or future *passing* not only by will but also by inheritance, descent, grant, deed, bargain, sale or gift in the manner prescribed in the statute (Tax Law, §§ 220, 243, as respectively amd. by Laws of 1916, chap. 323, and Laws of 1911, chap. 732); and, so far as material to the decision of this appeal, the manner so prescribed is found in subdivision 4 of said section 220 and is " by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death."

Subdivision 5 of said section also provides that a tax shall be imposed upon the transfer of such property when the transferee becomes beneficially entitled, in possession or expectancy, to any property or the income thereof by any transfer as provided in the preceding subdivisions of the section whether made before or after the enactment of the statute. It is perfectly clear that the gift of this trust fund to the widow was not intended to take effect in possession or enjoyment until after the death of the testator. Her estate or interest was not only future but it was wholly contingent depending on her surviving the donor and also on whether the trustees resigned or died without naming their successors and whether in that event the testator elected to appoint successors to the trustees or to terminate the trust. Although he did not reserve unconditionally the right of control or revocation, he did not part with all interest in or control over the property; and it is perfectly plain that he did not intend that his wife should take any interest in the *corpus* personally unless she survived him. By the express terms of the trust agreement full title might have become reinvested in the settlor during his lifetime, and if so the transfer thereof at his death, whether by will or statute, would have been taxable. How then could a tax be imposed upon the theory of an immediate transfer by the trust agreement? The test by which the point of law under consideration is to be decided is not a theoretical consideration of the nature of the property right or interest the wife acquired in the *corpus* upon the creation of the trust, but whether the transfer of the *corpus* took effect at that time within the contemplation of the statutory provisions relating to the imposition of transfer taxes by which the transfer tax accrues and may be computed and collected forthwith, or whether the transfer, being contingent with respect to possession and enjoyment on the donee surviving the donor, was testamentary in character, in which case the transfer tax would not accrue until the donor died. (*Matter of Green*, 153 N. Y. 223; *Matter of Hodges, supra; Matter of Dana Co.*, 215 N. Y. 461; *Matter of Hoffman*, 143 id. 327; *Matter of Van Cott, supra; Matter of Thompson, supra.*) It seems to me quite clear that within the purview of the transfer tax legislation the transfer did not become effective and the transfer tax did not accrue until the

death of the donor.   Since, therefore, the transfer of the *corpus* of the trust to the widow became effective at the same time she was given the legacy and other bequests they should be taken together for the purpose of determining the exemption and applying the rate of taxation.   (Tax Law, § 221-a, added by Laws of 1911, chap. 732, as amd. by Laws of 1915, chap. 664.   See, also, *Matter of Dana Co., supra.*)   The original taxing order was, therefore, right on this point.

On the appeal of the executors the point is raised here, although it does not appear to have been taken on the hearing, that the tax on the transfer of the *corpus* of the trust should have been imposed against the *trustees as such* instead of against them and in a separate proceeding against the trustees. The order does not impose the tax against the executors. It merely fixes the tax on the transfers under the will and trust agreement to the widow.   The executors on their accounting, as was their duty, drew attention to the trust agreement and fund.   If they desired to be formally made parties as trustees they should have objected to any consideration of the tax on the transfer of the trust fund.   It is too late now.   Moreover, there is no merit in the objection. The taxing order is binding on the widow and it will only affect the executors or trustees respectively to the extent that they receive the property against which the transfer tax is a charge. (Tax Law, § 224; *Matter of Huber*, 86 App. Div. 458; *Matter of Meyer*, 209 N. Y. 386.)

It follows that the order in so far as the executors appeal therefrom should be affirmed, with costs, and on the State Comptroller's appeal the order should be modified by striking out paragraph " first " thereof, and as so modified affirmed.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

On executors' appeal, order affirmed, with ten dollars costs and disbursements; on State Comptroller's appeal, order modified as stated in opinion, and as modified affirmed. Order to be settled on notice.