Matter of the Transfer Tax upon the Estate of EDWARD FLYNN, Deceased.

(Surrogate's Court, Bronx County, November, 1921.)

Transfer tax — trust deed — gift to take effect at death of decedent — Tax Law, § 220(4).

Decedent had executed a deed which provided for the transfer of $5,000 upon the trust to pay the income to him during his lifetime and upon his death to pay to the *cestui que trust* the principal with accumulations of income not theretofore paid. In the event of the prior decease of the *cestui que trust,* the principal of the trust fund with all accumulations of income was to be paid on demand to decedent and the trust thereupon to terminate. The deed also provided that the trust might be terminated by decedent at any time upon written notice to the trustee, in which event the securities or cash composing the trust fund were to be delivered by the trustee to decedent and become his property as if the deed had not been made. Three years later the deed was modified by a written agreement which in effect provided that nothing therein contained should transfer any ownership to the *cestui que trust* prior to the death of decedent, unless she made demand therefor during her lifetime. She made no such demand and received no part of the principal of the trust fund. *Held,* that the gift to her took effect in possession and enjoyment at the death of the decedent, and under section 220(4) of the Tax Law was subject to a transfer tax.

Misc.]  Surrogate's Court, Bronx County, November, 1921.

PROCEEDINGS on an appeal from an order assessing a transfer tax.

Secord, Ritchie & Young, for executor and another, appellants.

John J. Boyle, Jr., for State Tax Commission.

SCHULZ, S.  This is an appeal from an order entered upon the report of the appraiser in a transfer tax proceeding in so far as it adjudged that a transfer to one Mary Florence Martin under a deed of trust dated March 11, 1914 (in the notice of appeal stated to be dated March 14, 1914), and subsequently modified by an agreement dated March 26, 1917, is taxable.

The deed of trust provided for the transfer to a trust company of the sum of $5,000 upon the trust to pay the income to the decedent during his life, and upon his death, to pay to the *cestui que trust* the principal with accumulations of interest not theretofore paid.  In the event of the latter's death before that of the decedent, the principal of the trust fund with all accumulations of interest were to be paid on demand to the decedent and the trust thereupon terminated.  It contained the following provision: "This trust may be terminated by the party of the first part at any time during his life by giving the Trustee a notice in writing of his desire to terminate the same."

In such event the securities or cash were to be delivered by the trustee to the decedent and became the property of the decedent, as if the trust deed had not been made.

The agreement of March 26, 1917, modified the trust deed aforesaid and provided as follows: "The said deed of trust be and the same is modified to the extent of permitting the said Mary Florence Martin without

Surrogate's Court, Bronx County, November, 1921.   [Vol. 117.

permission of Edward Flynn to withdraw from the Trustee, the whole or any part of the principal of the trust fund in the hands of said Trustee, and on her written demand, the Trustee shall assign or turn over to her cash or securities in which such trust fund may be invested to the extent that she shall demand the same. Such part of said trust fund as the said Mary Florence Martin may not so demand during her lifetime shall be paid over to her upon the death of Edward Flynn as provided in said trust agreement provided she survives said Edward Flynn, but if she does not so survive him, that part of the trust fund not demanded by her during her lifetime, on her death shall become the property of and shall be assigned to. said Edward Flynn. Nothing herein contained shall transfer any ownership in any part of said trust fund to said Mary Florence Martin prior to the death of Edward Flynn unless she makes demand therefor during her lifetime as hereinbefore set forth. If Edward Flynn should give the trustee notice in writing of his desire to terminate the trust, the same shall have no effect whatever on any demand made by Mary Florence Martin as aforesaid at the same time or prior to the receipt by the Trustee of the notice of such termination which shall operate only upon the balance of such trust fund in the hands of the Trustee which shall remain after satisfying any such demand.''

The statute provides that property is taxable when a transfer thereof is made " * * * by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death.'' Tax Law (Cons. Laws, chap. 60), § 220, subd. 4.

There is nothing before me which would warrant a finding that the deed was made in contemplation of

Misc.] Surrogate's Court, Bronx County, November, 1921.

the death of the decedent, so that the only question to be determined is whether or not the gift was intended to take effect in possession or enjoyment at or after the death of the grantor.

It has been held that the mere right to revoke a trust, if unexercised, does not of itself justify the conclusion that the gift took effect in possession and enjoyment only at the death of the decedent, when the right of revocation could no longer be exercised. *Matter of Masury*, 28 App. Div. 580; affd., without opinion, 159 N. Y. 532; *Matter of Isaac H. Wing* (Cohalan, S.) N. Y. L. J., Nov. 9, 1921. Hence, such provision in this deed, heretofore quoted, is not conclusive upon the question presented. If she did not demand any of the principal during his life and before or at the same time that he terminated the trust and did not survive him, she would receive no part of the principal or income.

It is urged that because the appellant had a right to receive all of the principal during the life of the decedent upon her demand, it follows that the transfer took place at the date of the execution of the deed and that we should regard that as done, which might have been done, under its provisions. I cannot agree with that contention, however, because whatever doubt there might otherwise have been, is dispelled by the language of the document which seems to clearly show a contrary intent. I refer to the provision quoted above to the effect that nothing contained in the modifying agreement shall transfer any ownership to the appellant prior to the death of decedent unless she makes demand therefor during her lifetime.

It appears that the appellant made no demand for any part of the principal during the lifetime of the decedent and received no part of the principal and I

therefore reach the conclusion that this gift took effect in possession and enjoyment at the death of the testator and is taxable. *Matter of Garcia,* 183 App. Div. 712; *Matter of Miller,* 109 Misc. Rep. 267. In doing so, I have given due consideration to *Matter of Masury, supra; Matter of Bostwick,* 160 N. Y. 489; *Matter of Bowers,* 195 App. Div. 548; affd., no opinion, 231 N. Y. 613, and *Matter of Isaac H. Wing, supra.*

In the *Masury* matter a number of trusts were involved, as to all but one of which it was decided that the transfers were not liable to taxation. The court discussed one of the latter which was typical of the others held not taxable. The trust deed provided that the income be paid to the guardian of the infant beneficiary until he arrived at the age of twenty-one years at which time all net avails of income, etc., were to be paid to him and that the principal was to be paid to him upon a date fixed in the instrument. In the event of his death before maturity, the principal went to his legatees, or, if he died intestate, to certain of his next of kin. The payment of the principal was in no way contingent upon the death of the grantor but was payable upon the arrival of a fixed and certain date, and the Appellate Division in its opinion stated that the grantor " intended this deed of trust to become of full effect whether he lived or died, and the detail with which he provided for the disposal of the property in the event of the death of his grandson precludes the idea that he had any other motive in retaining the right to annul the deed than a prudent caution would suggest."

It is manifest that no such condition exists in the pending matter. The trust deed under consideration is more like the one trust instrument in the *Masury* matter under which it was held that the transfer was taxable.

In *Matter of Bostwick, supra,* the court, commenting upon the *Masury* case, said: "There appeared to be nothing in the transaction, which pointed to the existence of an intention on the part of the donor that his transfer should not be absolute, or that the beneficial enjoyment of his gift should be postponed until his death." That certainly may not be said of the transaction under consideration.

That the *Masury* matter was an exceptional case is further evidenced from the opinion in the *Bostwick* case, the learned judge saying: "I think we may have gone too far in generally affirming the *Masury* decision; certainly the limit was then reached, beyond which the courts could not go without emasculating the provisions of the statute."

Nor do I read *Matter of Bowers, supra,* as an authority for holding this transfer not taxable. The essential difference between the document there considered and the one in this matter is evident from the statement in the opinion that " There can be no question that by the terms of the foregoing provision John M. Bowers vested in the trustees the property thereby transferred with no right of reversion in himself." In the present case there is a right of reversion in the decedent which might have been nullified by a written demand of the beneficiary, which was not made.

The last reported decisions bearing upon the question are that in *Matter of Isaac H. Wing, supra,* and that in *Matter of Eva S. Cochrane,* 117 Misc. Rep. 18, holding that the transfer of trust funds under the conditions there stated are not taxable, but there also the facts were materially different from those in this matter. The order appealed from is affirmed.

Order affirmed.