## In the Matter of the Estate of JOHN C. STEPHAN, Deceased.

Surrogate's Court, New York County, October, 1923.

Transfer tax — deed of trust — transfer of one-half of corpus of trust, occurring upon death of one grantor, subject to tax — when trust deed creates divisible trusts from joint property — when Tax Law, section 220(4), has no application.

By an irrevocable deed of trust dated April 29, 1922, about nine months prior to his death, decedent and his sister transferred to a trust company, in trust, $35,000 with direction to pay the income thereof to both of the grantors in equal shares for life. Upon the death of either, the income of one-half of the corpus of the trust was to be paid to the surviving grantor. *Held*, that the transfer of the other half, which under the trust is now payable to the two children of decedent's said sister, took effect upon his death and was subject to a transfer tax.

On appeal from an order assessing a transfer tax accordingly, it appeared that the entire trust fund was contributed equally by decedent and his sister and that a debt of $3,000 which he owed to her at the execution of the trust deed was paid and satisfied on that date, but it also appeared that she permitted said $3,000 to become a part of the corpus of the trust. *Held*, that the trust deed created two divisible trusts out of the joint property.

The decedent having received no consideration from the remaindermen of his half of the trust and his sister whose contribution was donative in character to the extent of $3,000 for the benefit of her children, having no interest whatever in said one-half of the trust, section 220(4) of the Tax Law, as amended in 1922, had no application to the facts here.

TRANSFER TAX proceeding.

*Charles A. Strauss*, for appellants.

*Charles A. Curtin*, for state tax commission.

FOLEY, S. The beneficiaries, executors and trustees appeal from the order fixing tax on the ground that it improperly assessed a tax upon the transfer of one-half of the principal of a trust fund, which passed upon the death of the decedent, the life tenant thereof. The decedent died January 27, 1923. By a deed of trust dated April 29, 1922, he and his sister, Magdalena Lieb, transferred to a trust company, in trust, personal property with direction to pay

MATTER OF JOHN C. STEPHAN. **597**

Misc. 596]     Surrogate's Court, New York County, October, 1923.

the income to decedent and his sister in equal shares for life.     On the death of either the income upon one-half of the corpus was to be paid to the surviving grantor, and the other half was payable outright to the two children of Magdalena Lieb.     The appraiser has reported that one-half the principal is taxable against the beneficiaries under the trust.     Under the terms of the agreement, upon John C. Stephan's death, the principal of the trust, which was subject to his life estate, is now payable to his nieces, the children of Magdalena Lieb.

(1) There can be no question as to the taxability of the principal of that part of the trust which is now vested.     The transfer took effect upon the death of decedent and under the authorities became subject to a tax.     *Matter of Schmidlapp*, 236 N. Y. 278; *Matter of Miller*, Id. 290; *Matter of Dana Company*, 215 id. 461; *Matter of Keeney*, 194 id. 281; *Matter of Cornell*, 170 id. 423; *Matter of Brandreth*, 169 id. 437; *Matter of Bostwick*, 160 id. 489; *Matter of Green*, 153 id. 223; *Matter of Garcia*, 183 App. Div. 712.     The fact that the deed was irrevocable has no application to a trust for the life of a grantor with remainder over at his death.     The appeal on this ground is denied.

(2) The appellants' contention that part of the transfer is not taxable, because made for a valuable consideration, cannot be sustained.     They claim that the original trust fund, which consisted of $35,000, was contributed equally by decedent and his sister. This appears to be correct from the evidence.     They claim, furthermore, that the sum of $3,000 was owing to the sister by the decedent at the time of the execution of the trust deed, and that this debt was paid and satisfied on that date.     This also appears to be established by the evidence.     The sister, however, permitted this $3,000 to become part of the corpus of the trust.     By its terms the deed created two divisible trusts out of the joint property.     Appellants misunderstand the effect of the recent amendment made to subdivision 4 of section 220 of the Tax Law (Laws of 1922, chap. 430).     The new provision exempts from taxation transfers made for a valuable consideration to the extent that the grantor or vendor receives " equivalent monetary value " in a grant, sale or gift made or intended to take effect at death.     In the instant case the grantor received no consideration from the remaindermen of his one-half of the trust.     Neither has Magdalena Lieb, who contributed the $3,000, any interest whatsoever in this one-half of the fund.     No tax has been assessed against her.     The transaction was a contribution by her, donative in character, to the extent of $3,000 for the benefit of her children, the remaindermen.     The new statutory provision relates to a transfer in which the consideration

moves from the beneficiary to the grantor. The amendment referred to above, therefore, does not apply to the facts here. The appeal on this ground is likewise denied.

Submit order accordingly.

Ordered accordingly.