In the Matter of the Estate of NOEL B. LEGGETT, Deceased.

Surrogate's Court, New York County, July 20, 1926.

Taxation — transfer tax — decedent executed deed of trust giving value of life estate to widow ten months prior to his death — transfer to widow, being absolute, took effect as of date of instrument — order fixing transfer tax predicated on addition of value of property passing under will to value of life estate passing by deed of trust, erroneous — tax should be reckoned separately and separate exemption on each transfer should be made.

An order fixing the transfer tax on decedent's estate by adding the value of a life estate passing to decedent's widow by a deed of trust, executed ten months prior to decedent's death, and wherein decedent reserved to himself no right of revocation or material alteration of the instrument, to the value of the property passing by decedent's will and allowing but a single exemption is erroneous, since the gift under the trust deed, being absolute in its terms, took effect as of the date of the execution of the trust deed when the trust property was delivered; therefore, the tax should be reckoned separately and a separate exemption allowed on each of the respective transfers, since the transfers became effective at different times.

APPEAL from order fixing transfer tax.

*Hughes, Rounds, Schurman & Dwight* [*Charles V. Parsell* of counsel], for the executrix.

*Charles A. Curtin* [*A. Welles Stump*], for the State Tax Commission.

FOLEY, S. This appeal is taken by the executrix from the order fixing the transfer tax on the ground that the value of the life estate passing to decedent's widow by a deed of trust has been added to the value of property passing by decedent's will and a single exemption allowed.

The appeal is sustained. The decedent died November 10, 1924. In the deed of trust executed by him on January 4, 1924, he reserved to himself no right of revocation or material alteration of the instrument. The gift was absolute in its terms and took effect as of the date of the trust deed when the trust property was delivered. (*Keeney* v. *New York*, 222 U. S. 525, affg. *Matter of Keeney*, 194 N. Y. 281; *Matter of Webber*, 151 App. Div. 539.)

As the transfers to the widow by the trust deed and by the will became effective at different times the tax should be reckoned separately and a separate exemption allowed on each of the respective transfers. (*Matter of Garcia*, 183 App. Div. 712; *Matter of Kunhardt*, N. Y. L. J. March 7, 1925; affd., 216 App. Div. 797; *Matter of Cummings*, 115 Misc. 276.) In *Matter of Garcia*

(*supra*, 715) Mr. Justice LAUGHLIN said: " The sole purpose of the amendment to section 221-a of the Tax Law made by chapter 664 of the Laws of 1915, after the statute had been construed as granting an exemption on each transfer (*Matter of Hodges*, 86 Misc. Rep. 367; affd., on Surrogate FOWLER's opinion, 168 App. Div. 913; affd., 215 N. Y. 447), appears to have been to require that all of the property *transferred at the same time* should be considered together as if embraced in a single transfer." (Italics mine.)

Submit order modifying taxing order in accordance with this decision by providing for the deduction of $5,000 on each of the transfers and for the computation of the percentage rates on the two separate transfers.