In the Matter of the Estate of EMMA WITT HARRIS, Deceased.

Surrogate's Court, New York County, July 30, 1928.

*Lord, Day & Lord,* for the appellants.

*Charles A. Curtin,* for the State Tax Commission.

FOLEY, S. This appeal is taken by the beneficiaries of a trust, individually, and by the trustee from the order assessing the transfer tax on property passing under a deed of trust upon the following grounds: (1) That the property passing under the deed of trust has been taxed as of May 12, 1924, the date of death of the decedent, and not as of January 14, 1901, the date of the trust deed; (2) that the trust deed constituted an absolute transfer on January 14, 1901, and that the transfer should be taxed as of that date; (3) that the order assesses the tax on the property passing under the deed of trust at the rates in effect on the date of death of the decedent instead of at the rates in effect on January 14, 1901; (4) that the taxing order erroneously superimposes the amounts passing under the deed of trust upon the amounts passing under the will of the decedent; (5) that the order denies to the various parties the statutory exemptions to which they are entitled.

The decedent died on May 12, 1924. Thereafter transfer tax proceedings were instituted by the executor under her will and on February 3, 1925, a *pro forma* order was entered, upon the report of the appraiser, assessing the tax upon the property passing under the will of the decedent. That proceeding was separate and distinct from the present one which was instituted by the trustee under a deed of trust for the purpose of fixing the transfer tax upon the property passing under the trust deed. It is from the order fixing tax, upon the appraiser's report, in this latter proceeding that this appeal is taken.

On January 14, 1901, Emma Witt Harris, by a deed of trust, transferred to her son-in-law, as trustee, certain securities in trust. Pursuant to the terms of the deed the income was to be applied to the settlor during her lifetime and upon her death the property was to be divided equally between the two daughters of the decedent or their issue, or in the event of the death of either daughter without issue, the entire property was to be paid over to the survivor. No right of revocation was reserved in the trust instrument. Pursuant

to the terms of the deed Mrs. Harris, at various times subsequent to the creation of the trust, made certain additions to the amount originally transferred.

The first, second and third grounds of appeal are sustained. The gift under the deed was absolute and took effect as of the date of the trust deed. (*Matter of Schmidlapp*, 236 N. Y. 278; *Matter of Craig*, 97 App. Div. 289; affd., 181 N. Y. 551; *Matter of Webber*, 151 App. Div. 539; *Matter of Leggett*, 128 Misc. 306; *Matter of Norris*, N. Y. L. J. May 25, 1928.) Since the transfers were effected as of the date of the deed of trust the tax accrued at that time and is governed by the law then in effect. (*Keeney* v. *New York*, 222 U. S. 525, affg. *Matter of Keeney*, 194 N. Y. 281; *Matter of Webber, supra.*)

The appraiser has erroneously valued the trust fund as of the date of the decedent's death. The value of the fund should have been ascertained as of the date of the execution of the deed, and, pursuant to the law then in effect (section 230 of the Tax Law of 1896, as amd. by Laws of 1899, chap. 76), the remainder should be taxed " at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible." The value of the remainder should be found by deducting the value of the decedent's life estate from the value of the corpus of the trust fund. Likewise each addition of capital to the fund, made by the settlor prior to May 20, 1915, became an absolute transfer at the time such addition was made and is governed by the law in effect at the time of the transfer. The additions to the fund made subsequent to May 20, 1915, have been taxed in the proceeding instituted by the executor under Mrs. Harris' will and need not be considered here.

The fourth ground of appeal is sustained. The transfers under the trust deed became effective at different times than those under the will and separate exemptions should be allowed on the transfers under each instrument. (*Matter of Garcia*, 183 App. Div. 712; *Matter of Cummings*, 115 Misc. 276; *Matter of Leggett, supra.*)

The fifth ground of appeal is overruled. The law in effect at the date of the execution of the deed of trust imposed a tax of one per cent on the transfers in the instant case. Under that law no exemptions are allowable since the gross estate exceeded in value the sum of $10,000.

The State contends that, because of the provision in the deed of trust that if both of the decedent's daughters and all their children should die during the life of the settlor the trust property should become revested in the settlor, the entire fund is taxable as of the date of the decedent's death. This interest was a mere possibility

of reverter and at most would have been suspended in the original order. (*Matter of Colt*, 125 Misc. 373; affd., 215 App. Div. 804.)

If the parties can agree within fifteen days from the date of this decision as to the proper taxing order an order modifying the order fixing tax in accordance with this decision may be entered. If they are unable to agree within that time an order may be submitted remitting the report to the appraiser for the purpose of making the necessary computations.