In the Matter of the Transfer Tax upon the Estate of FLORA M. BARSTOW, Deceased.

STATE TAX COMMISSION, Appellant; FRANCES BLAKE BARSTOW and Another, Respondents.

Second Department, October 3, 1930.

*Seth T. Cole* [*Harry M. Peyser* with him on the brief], for the appellant.

*Russell L. Bradford* [*Walter E. Cooper* with him on the brief], for the respondents.

SCUDDER, J. The question to be determined is whether the transfer under a deed of trust made by Flora M. Barstow and dated February 15, 1923, became effective at that time or at the time of her death. She died testate on August 3, 1926. The trust agreement provides for the transfer of certain property to a trustee, to be held in trust during the lives of two daughters. The income is reserved to the donor for life, and upon her death one-half the income is to be paid to one daughter and the other half to the other daughter. " Upon the death of both of said daughters, [the trustee is] to transfer and pay over the fund then in the hands of the trustee to donor if then living, but if she be then dead to donor's issue then surviving." No power of revocation was reserved.

It is contended by the Tax Commission that the death of Mrs. Barstow was the only event which could give any one other than the donor any right to the interest or principal of the trust fund. Respondents argue that the donor divested herself of all rights to the property upon the creation of the trust.

We think *Matter of Garcia* (183 App. Div. 712, 1st Dept. 1918), upon which appellant relies, can be distinguished from the instant case. There, " Although he [donor] did not reserve unconditionally the right of control or revocation, he did not part with all interest in or control over the property." There was always the possibility that if the trustees should resign or die without appointing their successors, then the settlor might terminate the trust. It was not so in the present case. Mrs. Barstow could do nothing to change the effect of the deed. The corpus was beyond her control, except for the happening of the contingency that she might survive the two life tenants, and then she would have been revested with the corpus. The rights of the beneficiaries did not depend upon the death of the donor. The term of the trust was not measured by the life of the donor, but by the lives of her two daughters. They had an interest in principal and income, provided one or both survived the donor. They took a vested estate subject to being divested if the donor survived both daughters. If we " are to view the sequence of events in the order of the actual rather than

the possible " (*Matter of Schmidlapp*, 236 N. Y. 278, 286), then we have not only a right, but are bound to conclude that because Mrs. Barstow died before the termination of the trust which she created, the transfer took place when the deed was executed, and not when she died. There was the contingency that she might survive her daughters, but that did not depend upon any affirmative or volitional act of the donor. As stated by Judge CARDOZO in the *Schmidlapp Case (supra)*: " In *Matter of Craig* [97 App. Div. 289; affd., 181 N. Y. 551] the remainder was contingent, but the contingency was not dependent on the will of the donor, and the right as against him was already perfect and complete."

And so, in the present case, the right, independent of anything Mrs. Barstow could do, was already complete.

*Matter of Dana Co.* (215 N. Y. 461) is not in point, because, in that case, " There was no element of finality about the instrument during the donor's lifetime, for it was just as capable of revocation as a will would have been " (p. 464).

Respondents " took their rights as of the day of the delivery of the deed; their rights were fully established, subject to the contingencies provided therein." (*Matter of Webber*, 151 App. Div. 539.)

The life estates of the donor's two daughters should be taxed as joint and surviving life estates, and not on the valuation of the life estate of each in one-half of the trust fund. In this respect the taxing order should be modified. As so modified, the order appealed from should be affirmed, without costs.

Present — LAZANSKY, P. J., YOUNG, CARSWELL, SCUDDER and TOMPKINS, JJ.

Order of the Surrogate's Court of Queens county made on June 30, 1930, and by consent entered *nunc pro tunc* as of February 9, 1929, affirming the *pro forma* order entered on the 19th day of December, 1927, modified in accordance with opinion of SCUDDER, J., and as so modified unanimously affirmed, without costs. Settle order on notice.