In the Matter of the Appraisement of the Estate of LEONARD S. WHITTIER, Deceased, for the Purpose of Taxation.
STATE TAX COMMISSION, Appellant; LEWIS HENRY, as Executor, etc., of LEONARD S. WHITTIER, Deceased, Respondent.

Third Department, March 8, 1939.

*Mortimer M. Kassell* [*Harry T. O'Brien, Jr.*, of counsel], for the appellant.

*Henry & Denton* [*William Flannery* of counsel], for the respondent.

HEFFERNAN, J.   The State Tax Commission has appealed from an order of the Surrogate's Court of Chemung county dated March 26, 1936, which affirmed a *pro forma* order of that court dated June 3, 1935, fixing the transfer tax in the estate of Leonard S. Whittier, deceased.

Decedent, a resident of this State, died on May 30, 1928. On June 15, 1926, decedent united with his three sisters, Helen Whittier Brim, Florence Whittier Parsons and Anna Georgia Crosley, in transferring to himself, as trustee, the equal interests which the respective grantors received at the termination of a trust created by the will of their father. The value of the property contributed to the trust by each donor when transferred was approximately $501,818.50. The trust was to last for the life of decedent, unless sooner terminated, and the income therefrom was to be paid in equal shares to the grantors, the issue of any one dying before the termination of the trust taking the income their parent would have taken if living, or, in case of the death of any of the grantors leaving no issue, the income from such share to be divided equally among the surviving grantors and the issue of such other grantors as might have died leaving issue. Upon the death of decedent herein, the corpus of the trust was to be divided equally among the surviving grantors and the issue of such of the grantors as might have died prior to decedent. The agreement provided that the trust might be modified or terminated at any time by an instrument executed by the beneficiaries over twenty-one years of age.

At the time of the formation of the trust agreement decedent was forty-three years of age and childless. His sister Helen was thirty-nine years of age, and had four minor children; Florence was forty-one, and had one minor child; Anna Georgia was fifty-eight and childless. On the death of decedent his three sisters survived him and each of them received one-third of the trust property.

At the time of decedent's death it is conceded that the value of his contribution to the trust fund was $634,519.25. The surrogate determined that the transfer made by decedent under the trust agreement was not taxable, and from that order the State Tax Commission has come to this court.

The questions presented here are whether the transfer made by decedent under the trust agreement of June 15, 1926, is subject to the tax imposed by article 10 of the Tax Law, and, if so, whether the amount of the tax on such transfer should be computed on the value of the property so transferred at the date of the trust agreement, or on the value at the date of decedent's death.

The statute involved here is section 220 of the Tax Law (as amd. by Laws of 1928, chap. 330, effective March 12, 1928) which, so far as pertinent, reads:

"Taxable transfers — residents. A tax shall be and is hereby imposed upon the transfer of any property real or personal, or of any interest therein or income therefrom in trust or otherwise, to persons or corporations in the following cases,   *   *   *

" 2. When the transfer is made by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor, or donor or intended to take effect in possession or enjoyment at or after such death, or where any change in the use or enjoyment of property included in such transfer, or the income thereof, may occur in the lifetime of the grantor, vendor or donor by reason of any power reserved to or conferred upon the grantor, vendor or donor, either solely or in conjunction with any person or persons to alter, or to amend, or to revoke any transfer, or any portion thereof, as to the portion remaining at the time of the death of the grantor, vendor or donor, thus subject to alteration, amendment or revocation. If any one of the transfers mentioned in this subdivision is made for a valuable consideration, the portion of the transfer for which the grantor or vendor receives equivalent monetary value is not taxable, but the remaining portion thereof is taxable."

There is some dispute between the parties as to whether section 220 of the Tax Law, as amended by chapter 430 of the Laws of 1922, or as amended by chapter 330 of the Laws of 1928, applies to the transfer. It seems to us quite immaterial which statute is applicable. The language in both acts is that if the transfer was made " for a valuable consideration, the portion of the transfer for which the grantor or vendor receives equivalent monetary value is not taxable."

There is no question of retroactive taxation in this case. Prior to 1925, article 10 of the Tax Law imposed a tax and provided for its assessment and collection, with no distinction between residents and non-residents, as to procedure, exemptions or rates. By chapter 143 of the Laws of 1925 a separate plan of taxation of transfers by non-residents was enacted. No material change was made for the taxation of transfers by residents. This act was held to be unconstitutional because of discrimination against non-residents. (*Smith* v. *Loughman,* 245 N. Y. 486.) By chapter 330 of the Laws of 1928 the Legislature enacted a new statute for the taxation of non-resident transfers retroactive to 1925. The retroactive portion of this statute was held to be invalid, but its procedural provisions were held applicable. (*Matter of Nash* v. *Lynch,* 226 App. Div. 421; affd., 253 N. Y. 564.) During all this time section 220 of the Tax Law imposed a tax on transfers by residents and the amendment of this section by chapter 330 of the Laws of 1928 was merely a re-enactment of the law which had been in effect for many years.

The principal contention of respondent is that the transfer by decedent was for a valuable consideration and for which he received an equivalent monetary value. In this connection it is

argued that by the transfer he was assured employment during the remainder of his life as trustee and manager of the trust estate for which he was to be paid compensation for his time, services and expenses. The answer to that argument is that the compensation to be paid to decedent as trustee was in consideration for his services as such and not in consideration for the transfer made by him.

It seems clear to us that decedent did not receive any equivalent monetary value for the transfer made by him. Examining the provisions of the trust agreement it is seen that decedent contributed to the trust fund one-quarter thereof, and reserved to himself for life the income from such amount. Upon his death the amount he had contributed to the fund was to go to the named remaindermen. It is true that if any of decedent's sisters should have predeceased decedent without leaving issue, the decedent would have received for the balance of his life a share of the income which theretofore had been payable to the sister so dying. But this right of the decedent was of doubtful value because two of the sisters had children at the time of the agreement and other children might have been born to them. This right of decedent under the trust agreement was not an inducement to him to make the transfer, but was merely one of the incidents thereof. Obviously it did not constitute equivalent monetary value received by him.

It is true also that at the time of the creation of the trust, decedent's three sisters each contributed to the fund an amount equal to that contributed by decedent. However, of the amount of the trust fund contributed by decedent's sisters, no part could ever be received by decedent. At the termination of the trust the whole corpus was to be divided among decedent's sisters and their issue. It is clear, therefore, that the contributions to the trust fund by decedent's sisters did not constitute equivalent monetary value received by decedent for the transfer made by him.

In *Matter of Orvis* (223 N. Y. 1) two partners had contributed equally to a fund which, by agreement, became the property of the survivor. In the transfer tax proceeding in the estate of the deceased partner, it was claimed that the transfer by the decedent was not taxable because made for a valuable consideration. The court found that there was mutual and equal consideration for the transfer, but held, nevertheless, that the share contributed to the fund by the deceased partner was taxable as a testamentary transfer to the surviving partner.

As in *Matter of Orvis*, the transfer made by decedent herein under the trust agreement of June 15, 1926, was not a transfer by bargain or sale. It was a transfer in which the value of the

consideration received by him was so disproportionately less than the value of the property transferred by him, that the transfer was " in the light of reason or of ordinary intelligence and judgment, beneficent and donative." Hence the transfer is, under the *Orvis* case, subject to tax in decedent's estate.

The *Orvis* case was decided prior to the enactment of chapter 430 of the Laws of 1922, which amended section 220 of the Tax Law, and provided for the non-taxation of transfers resting upon equivalent monetary consideration. This amendment did not enlarge the class of transfers which were not to be taxed. Prior to the amendment, transfers resting upon valuable and adequate consideration were not within the intendment of section 220 of the Tax Law and were not taxable. (*Matter of Orvis, supra; Matter of Baker*, 83 App. Div. 530; affd., 178 N. Y. 575.) Hence, the 1922 amendment does not destroy the authority of the *Orvis* case as a precedent here. On the contrary, such amendment makes it doubly clear that the transfer by decedent herein was subject to tax.

In *Matter of Stephan* (121 Misc. 596) the decedent and his sister had jointly created a fund under which the income was to be paid to the grantors in equal shares for life. On the death of either, the income upon one-half of the corpus was to be paid to the surviving grantor, and the other half of the corpus was payable outright to the children of decedent's sister. Upon decedent's death, one-half of the principal of the fund was taxed as a transfer by him to the children. This was held to be proper. In discussing the provisions of subdivision 2 (then subdivision 4) of section 220 of the Tax Law pertaining to consideration Surrogate Foley said: " The new statutory provision relates to a transfer in which the consideration moves from the beneficiary to the grantor. The amendment referred to above, therefore, does not apply to the facts here."

Under article 10 of the Tax Law, which imposed the transfer tax in estates of decedents dying prior to September 1, 1930, a tax was imposed on *inter vivos* transfers which were considered to be substitutes for testamentary dispositions. (Tax Law, § 220, subd. 2.) Among the *inter vivos* transfers taxed were transfers in trust whereby the grantor disposed of property, but reserved the income therefrom to himself for life. Such transfers which were irrevocable were taxed at the time of the creation of the trust, and the amount of tax was computed on the value then of the property transferred. (*Matter of Harris*, 135 Misc. 658.) However, such of these transfers which were not effective until the death of the grantor by reason of some dominion retained by him

over the trust property for life were not taxed until completed by the grantor's death, and the amount of tax was computed on the value of the property at such time. (*Matter of Garcia*, 183 App. Div. 712.)

Since decedent, in the case at bar, reserved for life the income from the property he transferred in trust, the transfer made by him was unquestionably taxable under article 10 of the Tax Law, either as an irrevocable transfer of property in trust with income reserved to the grantor for life, or as a transfer effective at decedent's death. (*Matter of Keeney*, 194 N. Y. 281; affd., *sub nom. Keeney v. New York*, 222 U. S. 525; *Matter of Schmidlapp*, 236 N. Y. 278; *Matter of Dana Co.*, 215 id. 461; *Matter of Cornell*, 170 id. 423; *Matter of Brandreth*, 169 id. 437; *Matter of Green*, 153 id. 223; *Matter of Dunlap*, 205 App. Div. 128; *Matter of Garcia*, *supra*; *Matter of Harris*, *supra*.)

We are then brought to the question of whether the transfer made by decedent was taxable at the time of the creation of the trust as an irrevocable transfer, or whether it was taxable at the time of his death as a transfer effective at death. It is appellant's position that the transfer made by decedent to the remaindermen under the trust agreement was not complete at the time of the creation of the trust, but, on the contrary, by reason of the dominion retained by decedent during his life over the property he transferred, was not effective until his death, and, therefore, that the tax should be computed on the value of the property at that time.

An examination of the trust instrument clearly indicates that the transfer made by decedent was not an effective gift by him to the remaindermen until his death. The trust was measured by decedent's life, and he received the income for his life from the share that he contributed to the trust fund. He was the sole trustee and, as such, had full power to lease, pledge, sell, invest or otherwise convert the trust property; and he was not restricted to statutory investments but had absolute discretion. The other contributors to the trust fund were decedent's sisters; the remaindermen were all female or minor relatives of decedent. The trust was not irrevocable, but might have been modified or revoked at any time prior to decedent's death by the joint action of himself and his sisters, without the consent of contingent remaindermen under the age of twenty-one. In view of the relationship of the respective parties, and decedent's capacity as trustee, power to modify or revoke the trust, for all practical purposes, rested with the decedent. Indeed, if decedent's sisters had predeceased him prior to the attainment of majority by the other remaindermen, decedent would have had complete power to

revoke the trust. It is, therefore, clear that not until decedent died could it be known whether or not the transfer by him to the remaindermen would ever be completed. We are convinced, therefore, that the transfer by decedent did not constitute a final transfer at the time of the trust deed, or a completed gift to the remaindermen at that time, but was rather a transfer which was not an effective disposition of decedent's property until the time of his death.

In *Matter of Garcia* (*supra*) the decedent made a transfer in trust under which the income was to be paid to himself for life, and the principal at his death to his widow, if living, or if not living, to her appointee by will, but if she failed to appoint, to his executors, or, if she predeceased him without appointing, to him. The trust agreement provided that if the trustees should resign or die without appointing their successors, the settlor might terminate the trust and recover the principal. It was held that the transfer under the trust agreement was effective as of the time of the grantor's death.

In *Matter of Schmidlapp* (*supra*) the decedent created an *inter vivos* trust under which the income was to be paid to himself during his lifetime and, after his death, to his sons for life, with remainder over. The grantor reserved the right to control and direct investments, and to modify, alter or revoke the trust indenture. At the time of the creation of the trust, no tax was imposed on the particular type of transfer involved. Before the decedent's death, however, the law was changed and a tax imposed upon such transfers. The question was whether the transfer could be taxed under the law enacted intermediate the creation of the trust and the death of the decedent. The court found that, because income and power to revoke were retained by the decedent, the transfer was not complete at the time of the creation of the trust, but became operative only at his death, and held, consequently, that the transfer was taxed by the law in effect at the time of death.

In *Matter of Bostwick* (160 N. Y. 489) the decedent during his lifetime transferred property in trust, income to his daughters for their lives, and remainders to their issue. Under the trust deeds, decedent reserved power to alter or amend the trusts, to withdraw any portion of the trust properties, and to control any sale or other disposition by the trustee of the trust properties. In holding the transfers taxable the court said: " The donor has reserved, during his life, such numerous and extensive powers over the properties transferred by his deeds, as to preclude the legitimate inference of an intention on his part that they were to take effect in absolute possession or enjoyment before his death. * * * All these are indicia * * * of an intention on the donor's

part to retain a dominion over the properties transferred, and do not consist with an existing purpose to vest the absolute right to present and future enjoyment in the beneficiaries. He retained practical control of the trust property and left the question of its beneficial enjoyment and eventual possession open until his death."

In *Matter of Dana Co.* (*supra*) the decedent while living transferred certain stock to one Seibert in trust. The income from the stock was to be paid to decedent for life and after his death to specified beneficiaries. Decedent reserved the right to vote the stock, revoke the trust and appoint a new trustee. It was held that the transfer was effective as of the date of decedent's death, and that the property so transferred should be added to legacies given to the same beneficiaries by decedent for the purpose of computing the amount of tax.

In *Matter of Dunlap* (*supra*) the decedent by deed of trust provided that the income from the trust estate should be paid to her four children. The death of the grantor was to terminate the trust as to three-fourths of the trust fund, and the three-fourths was then to be paid to the grantor's three daughters, or their issue. It was held that the transfer was taxable, and that the tax should be fixed as of the date of the grantor's death.

The case before us cannot be distinguished in principle from those discussed. Under the trust agreement of June 15, 1926, decedent procured a change in the legal title to the property he contributed to the trust fund, but not only did he reserve to himself the income from such property for his life, but the new title was in himself as sole trustee, and as such he retained full and unrestricted power to manage and control the property. The transfer to the remaindermen was not final and irrevocable at the time of the trust deed, but the property contributed by the decedent might have been revested in him by revocation of the trust, or the remaindermen might have been changed by a modification thereof. Surely, the one event which made the transfer by decedent to the remaindermen under the deed operative and effective was his death. Hence the transfer was not taxable until such time, and the proper measure of the tax is the value of the property at such time.

The order appealed from should be reversed, with costs to the appellant, and the matter remitted to the Surrogate's Court to enter an order assessing a tax on the transfer made by decedent under the trust agreement in accordance with this opinion.

McNAMEE, CRAPSER and BLISS, JJ., concur; HILL, P. J., dissents and votes to reverse, and to remit the matter for the imposition

of a .tax. The decedent received valuable but not equivalent consideration for his contribution to the trust fund. Only the difference between the equivalent consideration and the valuable consideration which he received should be used in computing the tax.

Order reversed, with fifty dollars costs and disbursements to the appellant, payable out of the estate, and matter remitted to the Surrogate's Court to enter an order assessing a tax on the transfer made by decedent under the trust agreement, in accordance with opinion.