Hill, P. J.
Appeal by the executor of the last will and testament of Mary A. Whittier, deceased, and by three legatees (daughters) from an order of the Surrogate’s Court of Chemung County which affirmed the estate tax order that fixed $46,772.86 as the value of testatrix’s interest as remainderman under a trust contained in the will of Leonard S. Whittier, deceased.
Leonard S. Whittier, son of the testatrix, died on May 30, 1928, leaving a last will and testament wherein he created a trust for tiie benefit of his wife during her life, with his mother, the testatrix, the remainderman, as was then determined. The" value of the interest of the remainderman was fixed at $37,621.11. He was forty-five years of age when he died, his widow Florence forty-two, and his mother seventy. The widow is still living. A tax was paid on behalf of the remainderman in the settlement of the son’s estate. The mother having died, an inheritance tax is again levied, although her estate has received no benefit.
The Surrogate’s Court in construing the will of Leonard S. Whittier, determined that the remainder vested at the time of his death. The will bequeathed the life estate to his wife Florence R. Whittier, and as to remaindermen it provided: “ Upon the death of my said wife, or in case of her death prior to mine, or in case we should perish in some common disaster, it is my will and I direct that the said property shall be distributed according to the Laws of the State of New York by my executor, .hereinafter named, as if I had died intestate, as to this part of my estate, leaving no wife me surviving.” Thereunder the intestate laws apply to the distribution under three conditions, (1) if the wife dies before testator, (2) after his death, (3) if their deaths result from a common disaster. Two of the conditions unquestionably fix the death of the testator as the time of vesting. There seems to be no argument for a different construction as to the other eventuality, all being included in the same sentence, unless the plain wording of the will yields to an intent asserted to be shown by surrounding circumstances.
Leonard S. Whittier and his three sisters were beneficiaries under the will of their father. Certain stock known as Eclipse belonging to the father’s estate was held in trust for their benefit. Writing to his sisters concerning the father’s estate, he said: “To as nearly carry out father’s wishes, under "present conditions, as I can read them, I will arrange in my new will, so that when I die, not only my one-fourth of father’s Eclipse stock, but my own personal Eclipse stock shall be held in trust for Florence, as long as she lives, and' at her death to go to my surviving sisters or their children. ’ ’ The subject matter of the trust in his will was the stock to which he referred as “ my own *570 personal Eclipse stock ’ ’. Appellants argue that his will should be construed in the light of the letter. Considering that when it was written he believed that his -mother, many years older than he, would predecease him, it does not change the intent expressed in his will, but only indicates his belief as to the identity of his next of kin at the time of his death, thus the plain language of the will should receive a construction based upon the authorities. These favor a vesting as of his death. (Farmers’ Loan & Trust Co. v. Callan, 246 N. Y. 481, and other cases.)
An inheritance tax is levied upon the theory that a legatee or next of kin has received property or funds from which the government may ask a contribution toward the cost of furnishing the blessings of stable institutions to the recipient and his fellow citizens. However, it seems a harsh and rigid construction that a tax should have been levied upon this remainder when Leonard died, upon the assumption that it passed to the mother, and that there should be a second levy thereon upon the assumption that it passes under the mother’s will, when in fact Florence, the life tenant, is still living, and the mother Mary and her estate has received no benefit, although two taxes have been paid upon the opposite assumption. More than ten years ago the same Surrogate’s Court from which this appeal is taken assumed that there was a vesting in the mother as of the date of Leonard’s death. That determination was not questioned on appeal, although another portion of the taxing order was reviewed by the Court of Appeals and this court. (Matter of Whittier, 256 App. Div. 377, affd. 282 N. Y. 613.) While the earlier decision in Surrogate’s Court may not be res judicata, a reasonable regard therefor, as well as the history of these estates and consideration of the authorities, require an affirmance.
Heffebnan, Brewster, Foster and Lawrence, JJ., concur.
Decision affirmed, with costs and disbursements of this appeal to the successful party and to the executor, payable out of the estate.